## Wiesheier et al. v. Kessler, Admr., Appellant.

Argued March 27, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. R. Yost,* of *Graham, Yost & Meyers,* for appellant.

*Edward J. Harkins,* of *Scanlan & Harkins,* for appellees.

OPINION BY MR. JUSTICE MAXEY, May 3, 1933:

This is an appeal from the judgment of the Court of Common Pleas of Cambria County dismissing the petition of defendant, after an appearance de bene esse, for a rule to show cause why service upon him as administrator of the estate of Harry A. Kessler, deceased, should not be set aside.

On June 10, 1932, Harry A. Kessler was seated on the front seat of a truck which he owned and which was being operated along the Frankstown Road, Johnstown, by his employee under his direction. Plaintiffs claim that the truck was negligently operated and by reason thereof it crashed into and demolished certain buildings of the plaintiffs and that it also inflicted personal injuries on Frank Wiesheier, one of the plaintiffs. The accident also caused the death of defendant's intestate, Harry A. Kessler, and the defendant was duly appointed by the Register of Wills of Philadelphia County administrator

of Kessler's estate.  Both Kessler and defendant resided in Philadelphia.  A summons in trespass against the administrator was issued in Cambria County and the writ was served on defendant in Philadelphia County by the sheriff thereof who had been deputized for that purpose by the sheriff of Cambria County under the Act of June 22, 1931, P. L. 751.  In defendant's petition to show cause why the service should not be set aside, he sets forth that the court acquired no jurisdiction over him by the service because the Act of Assembly under which service was attempted "does not provide for service upon a nonresident administrator of a decedent, there being no allegation that the administrator was concerned or connected in any manner with the accident out of which the action arose."  Plaintiffs filed an answer admitting the allegations as to the manner of service but denying that the service was invalid.

The Act of June 22, 1931, P. L. 751, 812, section 1208, provides, inter alia: "Civil actions for damages.  All civil actions for damages, arising from the use and operation of any vehicle, may......be brought......in the county wherein the alleged damages were sustained ......in the court of common pleas of said county, and service of process......may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county......"

It is clear that service such as was herein effected would have been valid if made on Harry A. Kessler in Philadelphia during his lifetime.  At common law the action would not have survived his death.  In this State actions for trespass to real property and all personal actions, except actions for slander and for libels, may be maintained against executors and administrators of decedents against whom such actions could have been main-

tained had the decedent lived. Section 35 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 P. S., section 772, provides: "Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived. (1925, May 2, P. L. 442, section 1)."

In Strain, Admr., v. Kern, 277 Pa. 209, 120 A. 818, this court held in an opinion by Mr. Justice SIMPSON that this section of the Fiduciaries Act cannot be so construed as to give authority to an executor or administrator *to begin* an action for personal injuries to his decedent, when the latter did not commence it in his lifetime; that so to construe the act would make it unconstitutional, for the title thereof does not clearly express a legislative intent to authorize the commencement of a new action by an executor or administrator where such right did not theretofore exist. However, that case refers to suits *by* fiduciaries, whereas the case before us is a suit *against* a fiduciary, and the Fiduciaries Act not only authorizes suits against fiduciaries, but the title thereof expressly refers to "suits against fiduciaries." Considering the Fiduciaries Act together with the Act of June 22, 1931, supra, we have a legislative warrant both for making an executor or administrator a defendant in an action such as that under discussion, and also for the service of the resulting process on him in the county wherein he resides. Plaintiff was within his legal rights in demanding from Joseph A. Kessler, Administrator of the Estate of Harry A. Kessler, satisfaction for the injury alleged to have been done him (the plaintiff) by the intestate, Harry A. Kessler, and having

thus legally fixed upon the administrator the status of a defendant, he (the plaintiff) was entitled under the Act of 1931 to have service of process made by the sheriff of the county where the suit is brought deputizing the sheriff of Philadelphia County wherein the defendant resides to serve that defendant, to wit, Joseph A. Kessler, Administrator.

The foregoing is in accord with the well established rules of interpretation. "It is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits": 25 R. C. L., section 255, page 1018; Orlosky v. Haskell, 304 Pa. 57, 66, 155 A. 112. In Pocono Spring Water Ice Co. v. American Ice Co., 214 Pa. 640, 648, 64 A. 398, this court said, quoting from Endlich on Interpetation of Statutes, section 107: "Such [remedial] statutes 'are to be construed giving the words the largest, the fullest, and most extensive meaning of which they are susceptible. The object of this kind of statutes being to cure a weakness in the old law, to supply an omission, to enforce a right, or to redress a wrong, it is but reasonable to suppose that the legislature intended to do so as effectually, broadly and completely, as the language used, when understood in its most extensive signification, would indicate.' " This was also quoted approvingly by this court in Cresson Boro. v. Seeds, 286 Pa. 288, 295, 133 A. 501, and in Toll v. Beckerman, 299 Pa. 1, 5, 148 A. 904. "Where, on a reasonable interpretation, a statutory provision is susceptible of a construction which will carry into effect the avowed purpose of the act, that construction should be given to it, rather than one which in practical operation might defeat such purposes": Com. v. Lowe Coal Co., 296 Pa. 359, 367, 145 A. 916. See also Jermyn's Election Expenses, 57 Pa. Superior Ct. 109. In Turbett Twp. v. Port Royal Boro., 33 Pa. Superior Ct. 520, 524, Judge RICE said: "The effect and consequences of the proposed construction of a law, as well as its reason and spirit, will be looked into in determining

the legislative intent, which is the criterion by which all acts must be construed. Hence, if there is room for construction, the court will prefer that construction which is most consonant with the purpose for which the act was passed."

As we said in Orlosky v. Haskell, supra, section 1208 of the Act of May 1, 1929, P. L. 905, 997 (reënacted in section 1208 of the Act of 1931, supra), "was an enlarging not a restricting act." The vast amount of traveling in late years done by persons in automobiles and the numerous injuries inflicted by motor vehicles operated by such itinerants has made it the policy of the law, as evidenced in recent statutes and decisions, to bring tortfeasors who are nonresidents of the county in which torts are committed by them within the jurisdiction of the courts of those counties. To give the statute under consideration complete effect in all cases we must hold that when the alleged tort-feasor dies before suit is brought, service of process may be made upon his administrator or executor in the county in which the latter resides.

Appellant quotes the following from Coleman's App., 75 Pa. 441, 457: "It has not been the policy of our jurisprudence to bring nonresidents within the jurisdiction of our courts unless in very special cases. In proceeding against them for torts, even property belonging to them cannot be reached by process, and in cases of contract nothing but the property can be affected unless the defendants voluntarily appear and submit to the jurisdiction. We may congratulate ourselves that such has been the policy, for nothing can be more unjust than to drag a man thousands of miles, perhaps from a distant state, and in effect compel him to appear and defend under the penalty of a judgment or decree against him pro confesso."

If it imposes a hardship on a nonresident of a county to come to that county to defend an action brought against him there, it is equally a hardship to compel an

injured party to pursue a person causing his injury, or that person's legal representative, into a distant county in order to sue him there. See Garrett v. Turner, 235 Pa. 383, 84 A. 354. "The wide use of the automobile has given rise to the necessity for measures of control. The automobile has become a convenient and almost necessary instrument in modern life, but the rapid increase in the number of automobiles and the steadily mounting number of accidents which have resulted from their use make imperative adequate measures of control. One method of controlling the use of automobiles is to provide measures for affixing upon those who operate them financial liability for injuries wilfully or negligently caused by them, and convenient methods of enforcing such liability in the courts": 60 American Law Review 403, 405. See also Aversa v. Aubry, 303 Pa. 139, 154 A. 311.

There is a choice of construction of the act before us and the court below properly preferred that construction most consonant with its purpose.

The judgment is affirmed.