## Carey v. Storms, Executrix

*E. B. Farr* and *Thomas Howley*, for plaintiff.
*Joseph F. Ogden* and *Paul G. Collins*, for defendant.

TERRY, P. J., August 12, 1933.—The defendant by the petitions for these rules invokes the procedure authorized by the Act of March 5, 1925, P. L. 23, to have the question of jurisdiction over her and of the cause of action preliminarily determined.

It appears from the files in this case, and from oral statements upon the argument of these rules, that on August 1, 1930, the plaintiff, a resident of Lackawanna County, Penna., was riding as the guest of Fred W. Storms, now deceased, in his automobile driven by him upon a public highway in this county, when, it is alleged by the plaintiff, the automobile was negligently operated by the deceased, causing an accident resulting in injuries to the person of the plaintiff and the death of Storms. The defendant, a resident of the State of New York, is the executrix of Storms, who resided in said State at Syracuse, where the defendant's authority was derived from letters testamentary there granted her.

This action of trespass was brought July 16, 1931, by the plaintiff against the defendant executrix to recover damages for the personal injuries suffered, it is alleged, by reason of the negligence of the deceased. The summons issued was served July 30, 1931 (as returned), by the Sheriff of Dauphin County, for

that purpose deputized by the sheriff of this county, "upon Susan M. Storms, executrix of estate of Fred W. Storms, deceased, by leaving a true and attested copy thereof in the office of the Secretary of Revenue of the Commonwealth of Pennsylvania, with Benj. G. Eynon, Deputy Secretary of Revenue of the Commonwealth of Pennsylvania, the lawful attorney duly constituted by the said Susan M. Storms, executrix of estate of Fred M. Storms, deceased", which return also set forth the sending by registered mail to said executrix at her given address, street and number, in Syracuse, N. Y., a true and attested copy of the summons, with endorsement thereon of the service upon said Secretary of Revenue, professedly by virtue of the Pennsylvania Act of May 14, 1929, P. L. 1721, providing for service of process upon nonresidents in such cases, and to the return was attached the registered mail return receipt of the defendant.

November 18, 1931, the defendant filed an affidavit of defense on the merits of the case, in which a firm of Syracuse attorneys were named as representing her, and September 20, 1932, two Pennsylvania attorneys entered a general appearance for her.

On January 24, 1933, upon petition of the defendant, by her last-named attorneys, a rule was granted to show cause why she should not be allowed to file an affidavit of defense raising questions of law which, as set forth in the petition, disputed the right of action against the personal representative of the alleged tortfeasor and the jurisdiction of this court. On April 10, 1933, that rule was enlarged to show cause why the general appearance of said attorneys and the affidavit of defense theretofore filed should not be withdrawn.

The defendant contends (1) that in Pennsylvania an injured person has no right of action against the personal representative of a tortfeasor, and particularly not against a foreign fiduciary; (2) that the Act of May 14, 1929, P. L. 1721, does not authorize constructive service on the personal representative of a nonresident; and (3) that the general appearance of the defendant was not a waiver of jurisdiction, because there is involved not only cognizance of the person but also of the subject matter.

Some of the interesting questions thus presented and perhaps others suggested, with one exception, need not be discussed. The controlling one is whether by the general appearance of the defendant and the filing by her of an affidavit of defense to the merits of the case she submitted herself to the jurisdiction of this court.

If this were a suit against a Pennsylvania personal representative of a decedent of the State it cannot be doubted that the action could be maintained: Act of June 7, 1917, P. L. 447, sec. 35; Wiesheier et al. v. Kessler, Admr., 311 Pa. 380. And the foreign personal representative of a nonresident may be sued in this State if he be within the jurisdiction of the court: Laughlin et al., to use, v. Solomon, Exec., 180 Pa. 177; Evans' Admx. v. Tatem, 9 S. & R. 252. In the former case it was said (pp. 180, 181) : "the policy of the state, both legislative and judicial, has not been to enforce the common rule as to foreign administrators in all its breadth, even in regard to suits by them, and a fortiori in regard to suits against them which stand on a different footing. As to these the ground of the objection entirely fails." If, therefore, a foreign executor or administrator, if found here, can be sued in our courts, he may subject himself to the jurisdiction by a general appearance. While there is a conflict of authority as to this, it is said in 13 Am. & Eng. Encyc. of Law (2d ed.) 961: "the better opinion seems to be that the exemption from liability to be sued is grounded on a mere personal privilege, which may be waived or lost by not being asserted in time."

The appearance may be either in person or by counsel, but the defendant will also be regarded as having appeared if he give bail to the action or if he file an affidavit of defense: McCullough v. Railway Mail Assn., 225 Pa. 118.

In Commonwealth v. Barnett, 199 Pa. 161, 177, 178, it was said that objections to the jurisdiction are of two classes, first, those relating to the authority of the court over the subject matter, and secondly, those relating to its authority over parties; that objections of the first class cannot be waived nor jurisdiction obtained by acquiescence; but that in the second class the rule is different; that the party exempt from jurisdiction may waive his personal privilege, and, if he does so, the jurisdiction of the court is complete. Thus if the defendant is not duly served with process, or is a nonresident beyond the reach of process, or if served while temporarily exempt as a juror or party or witness, or member of the legislature, the proceeding as to him will be void or voidable on showing the facts; but if he waives his exemption and appears voluntarily, the jurisdiction of the court over him is thereafter beyond question. See also Fennell v. Guffey, 155 Pa. 38.

The case before us is an action of trespass for personal injuries. "Jurisdiction of the subject matter is the power to deal with the general subject involved in the action": 17 Am. & Eng. Encyc. of Law (2d ed.) 1060; 15 C. J. 734, 735.

When the court has jurisdiction over the subject matter or the person of a principal defendant, the rule prevailing generally in judicial proceedings applies to suits in equity. Objections to jurisdiction over the parties are waived by appearing on the merits: Newman v. Shreve, 229 Pa. 200.

When a court has jurisdiction of the subject matter and is only restricted from entertaining the individual case by some circumstances peculiar to itself, the objection to jurisdiction may be waived: Fennell v. Guffey, 155 Pa. 38.

In Putney v. Collins et al., 3 Grant 72, it was said: "In this case the defendant's objection was that the cause of action was local; that the tort complained of had been committed in Armstrong County, and not in Clarion, and that the action could therefore be maintained only in Armstrong. This was only an objection to the power of a court to try the particular case, and not to its power to try cases of the same general character." The same may be said of the case we are considering.

In Staryeu v. Midouhas et al., 299 Pa. 352, where, as here, the defendants sought, under the Act of March 5, 1925, P. L. 23, to have the question of jurisdiction determined preliminarily, it was held, as also in Skelton v. Lower Merion Twp., 298 Pa. 471, that said act applies only to cases where the court has no jurisdiction over the defendant or the cause of action for which suit is brought, and that jurisdiction over the "cause of action", as that expression is used in the statute, has reference solely to the competency of the particular court to determine controversies of the general class to which the case then presented for consideration belongs.

Concluding that the defendant is in court voluntarily, we need not consider the mode of service of the process upon her, nor whether the reasoning by which, in Wiesheier et al. v. Kessler, Admr., 311 Pa. 380, service upon the administrator of a deceased alleged wrongdoer in another county than the one in which the injury was occasioned and suit brought was sustained, could by analogy be applied here.

For the reason stated, we discharge the rules granted the defendant.

From Joseph F. Ogden, Tunkhannock, Pa.