## Matthews v. Scranton School District

*Donald B. Cahoon,* for petitioner.
*David J. Reedy,* for school district.

LEWIS, J., September 15, 1937.—Petitioner in the instant case has requested this court to construe the Act of July 31, 1937, no. 481.

Petitioner sets forth that she has been employed for upwards of 10 years in the schools of the City of Scranton in a supervising capacity in the department of child psychology. Her duties consisted of advising teachers and principals of schools of the manner and method of instructing problem and retarded children. She further sets forth that she made an application for a sabbatical leave of absence for the purpose of study, to improve her usefulness to the School District of the City of Scranton, and that her application was denied, for the reason that her rights under the aforesaid act of assembly are not clear and the school district may be subject to surcharge for the excess salary paid her. Hence this petition for a declaratory judgment, in order that the act may be construed and her rights and status determined.

Petitioner has stated that she intends to pursue her special course of study at State College. It is common knowledge that State College has reopened for the year and, if any delay occurs in determining her rights under the contracts, she will suffer injury and loss, and that there will be such delay if she resorts to any other remedy than the Uniform Declaratory Judgments Act. We therefore have concluded to take jurisdiction in this case and construe the act.

At the argument upon the rule, counsel for the school district appeared and filed a brief. For the purpose of this case, it is assumed that no questions of jurisdiction will be raised by respondent.

Section 1216 (*a*) of the act provides:

"Section 1216 (*a*) Whenever any person employed in the public school system of this Commonwealth shall have completed ten years of satisfactory service as a teacher

or in first class school districts as a member of the instructional staff or department of instruction as now defined by the local board of education such person shall be entitled to a leave of absence for restoration of health, study or travel or at the discretion of the board of school directors for other purposes for a half or full school year at the option of such person. Thereafter one leave of absence shall be allowed after each seven years of service."

Petitioner has attached to her petition contracts entered into between her and the school district, designated exhibits "A" and "B". Exhibit "A" is her present contract, which was entered into on May 1, 1937, wherein she is designated as a "professional employee" for a term of 10 months at an annual salary of $2,200. Exhibit "B" is the contract entered into between the school district and petitioner on September 6, 1933, wherein she is designated as a "teacher" for a period of 10 months at a salary of $2,520 for the term.

The School District of the City of Scranton is a school district of the second class, and at first blush after reading the act of assembly we were inclined to agree with counsel for the school district that petitioner was not entitled to her sabbatical leave, as the same only applies to "members of the instructional staff of the department of instruction", and has no application to the position held by petitioner, Miss Matthews. Upon careful reading of the contract entered into between Miss Matthews and the school district, we have come to the conclusion that she was engaged as a teacher "under the supervision and authority of the properly authorized superintendent of schools or supervising principal". If petitioner has not been considered as a teacher, the last contract entered into with her, which calls for a salary of $2,200 instead of $2,520 previously paid by the said district under her contract for the year 1933, is conclusive that the district recognized her as a teacher for the reason that they desired that she come under the schedule of salaries paid under the Edmonds Act of April 25, 1933, P. L. 69.

Subsection 1216 (*a*) reads:

"Whenever any person employed in the public school system of this Commonwealth shall have completed ten years of satisfactory service as a teacher".

We are of the opinion that the section applies to all school districts regardless of classification. This construction is further strengthened when we read subsection (*j*) of the same act, where reference is made to "every employee while on sabbatical leave of absence", and, further, subsection (*k*), which specifically refers to members of "teaching or supervisory staff while on sabbatical leave of absence". When we consider the whole act we are of the opinion that petitioner comes within the purview of the act and is entitled to the sabbatical leave as requested.

The spirit of this act should be liberally construed, for the reason that every sabbatical leave of absence is granted to a teacher for the purpose of study. It will improve the standards of the educational system of the city, and should be encouraged rather than discouraged.

We have examined the cases on interpretation of statutes. In the case of Wiesheier et al. v. Kessler, Admr., 311 Pa. 380, 384, Mr. Justice Maxey, speaking for the Supreme Court, said:

"The foregoing is in accord with the well established rules of interpretation. 'It is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits': 25 R. C. L., section 255, page 1018".

Judge Rice, in the case of Turbett Township, etc., v. Port Royal Borough, etc., 33 Pa. Superior Ct. 520, 524, said:

"The effects and consequences of the proposed construction of a law, as well as its reason and spirit, will be looked into in determining the legislative intent, which is the criterion by which all acts must be construed. Hence, if there is room for construction, the court will prefer that construction which is most consonant with the purpose for which the act was passed."

In the light of the interpretation of similar statutes by our appellate courts, we have concluded that petitioner is entitled to her sabbatical leave as requested.

Now, September 15, 1937, it is ordered, directed and decreed:

1. That petitioner, Helen Matthews, is a teacher within the purview of the said act of assembly;

2. That said petitioner, Helen Matthews, is entitled to her sabbatical leave for the purpose of study, as requested from the School Board of the City of Scranton, and is further entitled to all the privileges of the said act of assembly with reference to the said sabbatical leave.