Hooks *v.* DuBois, Appellant.

Argued September 29, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Kim Darragh*, with him *Meyer, Darragh, Buckler, Bebenek & Eck*, for appellant.

*Hyman Schlesinger*, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1966:

On August 16, 1962, the plaintiffs, residents of Allegheny County, Pennsylvania, were occupants of an automobile involved in a collision in Fulton County, Penn-

sylvania, with an automobile operated by Earl Wike, a resident of Schuylkill County, Pennsylvania. Wike was killed in the accident.

On August 12, 1964, James DuBois, a resident of Allegheny County, was named administrator of the estate of Earl Wike, deceased, in letters issued by the register of wills of Schuylkill County.[1]

On August 14, 1964, the plaintiffs instituted the instant action in Allegheny County against the estate of Wike to recover for personal injuries suffered in the accident. Service of the complaint was made the same day in Allegheny County upon DuBois, the then administrator of Wike's estate. Preliminary objections to the complaint were filed raising questions of jurisdiction and capacity to sue. From an order in the court below dismissing these objections, this appeal was filed pursuant to the provisions of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672.

The jurisdictional objection raised by the pleadings is that the Allegheny County Court cannot entertain jurisdiction of an action against a decedent's estate being administered in Schuylkill County.[2] In other words, it is urged that the fiduciary is not subject to suit in a county other than that in which the letters were granted.[3]

---

[1] Wike was survived by his wife. The letters of administration were issued without her knowledge or consent. On October 15, 1964, upon her petition, the Orphans' Court of Schuylkill County revoked the appointment of DuBois as administrator, and eo die letters were issued to Verna M. Krammes as executrix of the estate following the probate of the will of the decedent.

[2] We are not here concerned with the question of collusion or fraud between a "straw" administrator and a plaintiff. This is not a motion to set aside service of the complaint, nor do the preliminary objections specifically raise the question of fraud or collusion.

[3] Subject to the exception created by the Act of April 29, 1959, P. L. 58, §1303, 75 P.S. §1303, as amended, Act of July 12, 1961, P. L. 578, §1.

The appeal presents an unusual question, but our research compels the conclusion that the lower court resolved it correctly.

The Fiduciaries Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621, provides that any action *may be* instituted against the personal representative of a decedent's estate or his surety *in the county* wherein the letters were granted, and also provides for the method of service in the event the personal representative or the surety are not residents of that county. In construing substantially similar provisions in the Acts of March 27, 1854, P. L. 214, and June 7, 1917, P. L. 447, §37, 20 P.S. §784, lower courts of this Commonwealth have ruled that the legislature did not intend thereby to vest exclusive jurisdiction of actions against an estate in the county wherein the letters were issued. (See, *Harris v. Blatt,* 35 Lanc. 361 (1918).) These courts concluded that this section merely provided the means of securing service of process upon nonresident fiduciaries in actions instituted against the estate in the county issuing the letters. Additionally, this Court has held that a foreign fiduciary (i.e., one whose letters were issued in another state) is subject to an action in our courts if he is personally served with process in Pennsylvania. See, *Laughlin & McManus v. Solomon,* 180 Pa. 177, 36 A. 704 (1897).[4] We see no logical reason why a different rule should prevail in the present situation.

Nor can we find a contrary legislative intent in §601 of the Fiduciaries Act of 1949, P. L. 512, §601, 20 P.S. §320.601, or The Vehicle Code of April 29, 1959, supra note 3, as contended for by the appellant.

---

[4] This is subject to exceptions not pertinent here. If the action would trench unduly upon the jurisdiction of another court already attacked, or would expose the parties subject to such jurisdiction with inequitable burdens, jurisdiction will not be sustained.

Section 601 of the Act of 1949, merely provides that all causes of action, except slander and libel, shall survive the death of either the plaintiff or defendant. (Contra to the common law rule that all causes of action terminated and abated upon a person's death.) It does not say that exclusive jurisdiction of causes of action against an estate shall be in the courts of the county wherein the estate is administered. Nor does it indicate that the personal representative of an estate is in a different category than the deceased himself would be if he had survived. It is, of course, established beyond argument as to the latter situation, that a personal action for tort is transitory in nature and any court may entertain jurisdiction if the defendant is personally served with process within the county of the instituted action. See, *Gossard v. Gossard,* 319 Pa. 129, 178 A. 837 (1935).

We are likewise unable to read in The Vehicle Code of 1959, supra note 3, any intent that would limit jurisdiction in this case to either Schuylkill or Fulton Counties. This act in pertinent part merely established an additional right in the plaintiff to bring his action for damages suffered in an automobile accident in the county where the damages were sustained, even though personal service may not be effected upon the defendant in that county. See, *Hartman v. Donahue,* 142 Pa. Superior Ct. 382, 16 A. 2d 691 (1940). The act does not specifically state that claims involving a decedent's estate are in a different category, but refers only to "all civil actions for damages". See and compare, *Wiesheier v. Kessler,* 311 Pa. 380, 165 A. 854 (1933).

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I disagree with the majority's conclusion that suit in the instant case was properly brought in Allegheny

County and, therefore, must dissent. In my view, proper venue in an action against a decedent's estate lies only in the county in which the letters were issued, see Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621[1] or, in the instant case, in the county in which the automobile accident out of which the suit arises occurred. See Act of April 29, 1959, P. L. 58, §1303, as amended, 75 P.S. §1303 (Supp. 1964).[2] Since the instant action was instituted in neither of these counties, appellant's preliminary objection to venue in the court below should have been sustained.

---

[1] The Act provides: "Any proceeding may be brought against a personal representative or the surety on his bond in the county where his letters have been granted, and if the personal representative or surety does not reside in that county, process may be served on either of them personally, or as follows:

"(1) When a resident of another county. By a duly deputized sheriff of any other county of the Commonwealth in which he shall be found." Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621. This provision, as the successor to §37 of the Act of June 7, 1917, P. L. 447, see Commission's Comments, Act of April 18, 1949, P. L. 512, 20 P.S. §320.621, is applicable to suits against the fiduciary in his representative capacity. There have been no appellate decisions construing the Act of April 19, 1949, supra. The majority's conclusion that the Act does not restrict venue to the county in which the letters were issued is reinforced only by reference to *Harris v. Blatt,* 28 Dist. 11 (C.P. Lancaster Cty, 1918), a decision construing §37 of the Act of June 7, 1917, supra. I do not find the decision persuasive. See also Act of August 10, 1951, P. L. 1163, §305, 20 P.S. §2080.305 which makes identical provision for venue in a suit against a decedent's estate in the county in which the letters were issued: "When a Pennsylvania orphans' court has jurisdiction of a decedent's or a minor's estate, except as otherwise provided by law, the venue for all purposes shall be ... . in the county where the letters are granted to the personal representative ...."

[2] Provision is made for suit in the county in which the cause of action arose: "All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought . . . in the county wherein the alleged damages were sustained . . . in the court of common pleas of said county ...."

The majority, in concluding that venue was proper in Allegheny County, relies upon Pa. R. C. P. 1006(a)[3] and holds that the Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621 does not limit suit against a decedent's estate to the county in which the letters were issued. I am unable to agree. My analysis leads me to conclude that except for suit in the cause of action county,[4] the Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621, in the absence of waiver, limits venue to the county in which the letters were issued.

Pa. R. C. P. 1006(a) provides that an action against "an *individual*" may be brought in any county in which he may be served. Although the rule specifically refers to actions against *individuals* and makes no mention of decedents' estates, the majority concludes that it is applicable in both instances. Such a construction is unjustified and is contrary to the settled distinction between individual and representative actions. To ignore this distinction, as does the majority, places an unwarranted and unreasonable burden upon a decedent's estate.

Under the majority's construction of Pa. R. C. P. 1006(a), a decedent's estate in effect is carried with an individual fiduciary in his travels through the Commonwealth. Thus, such estate may be subjected to suit in any county, no matter how distant or inconvenient, in which the fiduciary is served with process even though his presence in that county may be wholly unrelated to his duties or responsibilities to the estate.

----

[3] The majority does not expressly refer to Pa. R. C. P. 1006(a). However, it is only by reference to this rule that the present action could be sustained in Allegheny County, the county in which the administrator of the estate was served with process. It is therefore evident that the majority must be viewed as construing this rule to govern venue in actions against decedents' estates as well as actions against individuals. See Pa. R. C. P. 1042.

[4] See note 2, supra.

I see no justification for equating, for purposes of venue, a decedent's estate with an individual. Such a construction, in my view, is not sufficiently responsive to those considerations which are relevant in the determination of the appropriate situs for suit. While an individual may be subjected to suit in any county in which he elects to expose himself to service of process, a decedent's estate, once placed in the "hip-pocket" of a fiduciary, may be drawn to an inconvenient and distant forum without a similar degree of choice. Since the Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621 provides for deputized service in any county and thereby ensures that a fiduciary may not, by removing himself and remaining absent from the county in which his letters were issued, insulate the estate from suit, I see no reason for a construction which places undue emphasis on the problem of securing service of process at the expense of other considerations more relevant to the issue of proper venue.

The exposure to distant suit which the majority sanctions by its construction of Pa. R. C. P. 1006(a) and by its failure to respect the limitation embodied in the Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621, is all the more unfortunate when it remains possible for a plaintiff to secure the appointment of an administrator, as was done in the instant case, for the purpose of making service upon a defendant estate. Such a fiduciary, under the majority's construction, by making himself amenable to service of process in the county of plaintiff's choice, may make the situs of suit solely a matter of plaintiff's discretion.

In my judgment, the likelihood that the fiduciary, while pursuing his individual and personal interests, will not expose the estate to suit in an inconvenient forum is too speculative to justify a rule which sanctions

such a possibility.[5]  The doctrine of forum non conveniens is far too uncertain a safeguard to rely upon to preclude such a result. For these reasons, I believe that Pa. R. C. P. 1006 (a) has no application under such circumstances and that venue in a suit against a decedent's estate is governed by the Act of April 18, 1949, P. L. 512, §621, 20 P.S. §320.621.

Mr. Justice JONES joins in this dissent.

---

[5] Since a corporate fiduciary does not "travel", estates which employ such are less likely to be drawn to suit in a distant forum and are thereby favored by the construction of Pa. R. C. P. 1006(a) which the majority adopts.