## Bergman v. Sentry Paint and Chemical Company

*Kassab, Cherry, Curran & Archbold,* for plaintiffs.
*McClenachan, Blumberg & Levy,* for defendant.

DIGGINS, J., January 16, 1967.—Plaintiffs commenced the instant action by writ of summons in trespass against defendant, Sentry Paint and Chemical Company. Thereafter, plaintiffs filed a petition to join additional party, and a rule was allowed thereon returnable September 23, 1966.

In their petition, plaintiffs averred: (1) that the above action was instituted against defendant of record; (2) that the suit concerns property damage which occurred on or about January 15, 1964, same having been caused by water emanating from premises situate at 12 East Allen Street, Philadelphia, Pa.; (3) that at the time suit was instituted, defendant of record was a tenant in said premises, and it was then believed that said defendant was in exclusive possession thereof; (4) that, further, at the time suit was instituted, the owner of the subject premises was unknown; (5) that since the institution of suit, plaintiffs have been informed that defendant of record does not admit exclusive possession and plaintiffs now believe that the owner of the subject premises at the time of the loss was William R. Schmerling, an incompetent, and that, at said time, Girard Trust Bank was substituted guardian of his estate; and (6) that, on the basis of the above averments, plaintiffs requested a rule to show cause why said William R. Schmerling should not be added as a party defendant.

We are informed by counsel through their briefs that service of the aforementioned petition and rule was effected by certified mail on Girard Trust Bank, as respondent's representative, at one of its Delaware County offices; service was similarly made upon defendant of record, the latter having no objection to the proposed joinder, William R. Schmerling, respondent, through Girard Trust Bank, filed an answer and

new matter to the petition; plaintiffs have filed no reply to the new matter and, therefore, the facts pleaded therein are deemed to be admitted. In essence, the answer filed on behalf of respondent avers that at the time of the alleged loss, respondent was the owner of the subject premises, was then incompetent and that Girard Trust Bank was substituted guardian of his estate. Further, the new matter, which has not been denied, avers that respondent, at all times relevant to the instant action, has been and presently is a resident of Montgomery County and that plaintiffs' cause of action allegedly arose in Philadelphia, Pa. By reason of these allegations, respondent contends that the joinder of William R. Schmerling as a party defendant is unwarranted and in violation of the Pennsylvania Rules of Civil Procedure. Respondent, in effect, questions the propriety of venue in Delaware County.

The issue presented is narrow in scope but difficult of determination, i. e., may plaintiffs join respondent as an additional party defendant in a Delaware County trespass action where: (1) respondent resides in Montgomery County, (2) the cause of action arose in Philadelphia County, (3) respondent is incompetent, and (4) respondent's guardian maintains offices in Delaware County? For the reasons which hereinafter appear, it is our considered opinion that venue in Delaware County is proper.

Pa. R. C. P. 1006 (Venue) provides as follows:

"(a) Except as otherwise provided by subdivision (b) of this rule, an action against an individual may be brought in and only in a county in which he may be served.

"(b) Actions against the following defendants may be brought in and only in the counties designated by the following rules: defendants who are non-residents or conceal their whereabouts, Rule 2078; political subdivisions, Rule 2103; partnerships, Rule 2130; unin-

corporated associations, Rule 2156; corporations and similar entities, Rule 2179".

Pa. R. C. P. 1041 provides that except as otherwise stated, the procedure in trespass actions shall be in accordance with the rules relating to an action of assumpsit. Rule 1042 broadens venue in trespass actions beyond the purview of rule 1006 where so provided by an Act of Assembly; nevertheless, the acts so referred to (in the accompanying note) are not applicable to the issue herein raised, since they permit the commencement of the action in the cause of action county. Further, rule 1043 provides for deputized service where the action is commenced in the county where the cause of action accrued. Preliminarily, on the basis of the above stated rules, it would appear that the proposed joinder is improper from a venue standpoint, since respondent resides in Montgomery County, has not been personally served in Delaware County, and the cause of action arose in Philadelphia County.

However, Pa. R. C. P. 2055, pertaining to service on incompetents, provides:

"(a) When an incompetent is a defendant, original process may be served on him in the manner prescribed for the service of like process on a competent defendant, or may be served on his guardian appointed by a court of competent jurisdiction within this Commonwealth.

"(b) Any pleading or other paper may be served on the incompetent's guardian or guardian ad litem or his attorney of record".

It is to be noted that rule 2055 permits plaintiff, at his option, to serve either incompetent or his guardian. Moreover, respondent in his brief has stated that the guardian was appointed by the Orphans' Court of Montgomery County. Nor are plaintiffs required to name the guardian of respondent as a party defendant, as respondent alleges in light of Pa. R. C. P. 2054(c),

which provides that an action in which an incompetent is defendant shall be commenced against incompetent by name in the manner in which a like action is commenced against a competent adult.

Counsel for the respective parties have not cited any controlling legal authority in this area; nor has our research disclosed same. However, in Hooks v. DuBois, 420 Pa. 65, analogous circumstances were present. There, plaintiffs, who were residents of Allegheny County, were occupants of an automobile involved in an accident in Fulton County, with an auto operated by a resident of Schuylkill County, who died as a result of the accident. A resident of Allegheny County was thereafter named administrator of decedent's estate in letters issued by the Register of Wills of Schuylkill County. Thereafter, plaintiffs commenced an action in trespass in Allegheny County, and service of the complaint was effected in Allegheny County upon decedent's administrator. The Supreme Court affirmed the lower court, holding that the Allegheny County Court *had* jurisdiction to entertain the action against decedent's estate, which was being administered in Schuylkill County; i.e., the fiduciary *was* subject to a suit in a county other than that in which the letters were granted. Significantly, in the instant case, one of respondent's principal contentions is that the guardian could be served only in the county in which the guardian was appointed. Of course, we are not unmindful of the fact that certain statutes were pertinent in the Hooks case, supra, which are not herein applicable; however, we nevertheless conclude that the general principles therein set forth are analogous to and govern the instant case when considered in conjunction with Pa. R. C. P. 2055. This conclusion is further substantiated by an analysis of the *dissenting* opinion in the Hooks case, supra, which reached the conclusion herein sought by respondent. See also Fal-

lat v. Gouron, 220 F. 2d 325, to the effect that the residence or citizenship of the guardian or fiduciary is determinative.

Accordingly, we enter the following

### ORDER

And now, January 16, 1967, upon consideration of the record and briefs filed by counsel for the respective parties relative to the above captioned matter, it is ordered, adjudged and decreed that respondent, William R. Schmerling, be and he is herewith joined as an additional party defendant.