Concurring and Dissenting Opinion by
Cercone, J.:
I agree with the lower court’s determination that the deputized service was improper since deputized service is only available where suit has been commenced in the county where the cause of action arose.[1] However, I believe that the court below clearly erred in applying Rule 1006(e) and transferring the action to Dauphin County. Rule 1006(e) authorizing a transfer of venue specifically and expressly applies to that situation where a preliminary objection to venue is made and is sustained. Its language is clear: “(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county . . .” In the instant case, only the service was objected to by defendants. The preliminary objection by defendants was clearly entitled “Preliminary Objection Raising Question of Jurisdiction of *580 Person of Defendants”. No objection to the venue was made. In fact, not even in their petition for change of venue did defendants contend there was no venue in Cumberland County. I therefore believe that Rule 1006(e) had no applicability to the facts of this case and that the court below erred in relying thereon as authority for the transfer of the action to Dauphin County.
1 concur with the majority’s holding that the lower court was correct in sustaining the preliminary objection raising a question of jurisdiction because of the improper deputized service, but I believe it should have permitted the action to remain of record in Cumberland County. This was the conclusion reached by the Pennsylvania Supreme Court in Nicolosi v. Fittin, 434 Pa. 133 (1969). In that case plaintiff sued in Montgomery County on a cause of action arising in Chester County, and service was made on the Secretary of the Commonwealth pursuant to The Non-Resident Motorists Act.[2] The defendant filed preliminary objection to the jurisdiction of the person on the sole ground that the service upon the Secretary of the Commonwealth was improper because the action had not been commenced in the cause-of-action county. The lower court in that case not only sustained the said preliminary objection, but dismissed the action so filed in Montgomery County and granted plaintiffs’ petition for transfer of the action to Chester County. On appeal, the Pennsylvania Supreme Court held the lower court merely should have sustained the preliminary objection raising a question of jurisdiction, leaving for further action the suit as filed in Montgomery County. The court reasoned (pp. 135-136) : “Plaintiff, while conceding that juris *581 diction over the person has not been acquired, seeks to have this action transferred to Chester County, the county in which the cause of action arose. First, he asserts this right under Rule 1006(e). But that Rule applies only if the defendant has successfully attached the venue of the action. Here defendant made no attach on the venue hut only on the jurisdiction of the person. Second, plaintiff asserts the right of transfer under Rule 1006(d). But that Rule only applies where the defendant has been validly served or voluntarily appears, and the court finds that the transfer is more convenient for both parties to the action or for the witnesses. In the absence of any valid service on the defendant, this action has not yet reached the stage where Rule 1006(d) can apply, no defendant having been brought into the litigation.
“The lower court properly analyzed the nature of the preliminary objections which raised only a question of personam jurisdiction and not venue. However, while the lower court sustained the preliminary objection raising a question of jurisdiction, it went further and dismissed the action. It should not have so done. See, Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967). If plaintiff can properly bring defendant on the record, the action may be pursued. Accordingly, we modify the lower court’s order.” (Emphasis supplied)
The court below ignored this clear holding of the Supreme Court on the reasoning that the true basis of the Supreme Court’s decision was the observation made in a footnote that a transfer of the action to Chester County would not have been of value to plaintiff since the defendant died before valid service was made upon him- I cannot agree that this observation served as the basis for the Supreme Court’s decision when it made no reference in the body of its opinion to such footnoted ineffectuality of the transfer, but stated in the *582 footnote that its discussion on this point constituted only “additional points”. Valid and logical reasoning prevents me from interpreting the footnote and not the body of the opinion as constituting the basis of the court’s decision.
Furthermore, it may be noted that the mere fact that defendant in the instant case could not be personally served in Cumberland County at the time plaintiffs filed their suit in that county is not demonstrative of lack of venue. In Salay v. Braun, 427 Pa 480 (1967), the accident upon which plaintiff’s suit was based occurred in Montgomery County. Plaintiff filed suit in Allegheny County, though defendant was a Washington County resident at the time. Deputized service was made in Washington County, but upon defendant’s preliminary objection to the jurisdiction of the court over his person, the court set aside the service but did not dismiss the action. Defendant later moved into Allegheny County and personal service was then obtained upon him. Defendant filed preliminary objection challenging the venue of the Allegheny County court. The lower court sustained the preliminary objection, but on appeal the Supreme Court reversed and held there was venue in Allegheny County even if there was no reasonable expectation of personal service on defendant in that county at the time of the commencement of suit, the court reasoning (pp. 482-485) : “Rules 1006, 1042 and 1043 of the Pennsylvania Rules of Civil Procedure regulate venue in automobile accident cases. Thereunder, the plaintiff has the option of instituting his action either in the cause of action county or in any county in which the defendant may be served. Since the action is transitory, venue properly lies in any county in which the defendant may be served even though such county is not either his residence or the county in which the cause of action arose. See Hooks v. DuBois, 420 Pa. 65, 215 A. 2d 631 (1966).
*583 “But, asserts the defendant (and this view was adopted by the lower court), the situation existing at the moment the writ was first issued determines the venue question. In other words, venue of the Allegheny County courts in this action must be determined as of the time the suit was filed. With this we do not agree. This is not what our Buies of Civil Procedure say or contemplate. On the contrary, our rules intend that venue may be laid wherever the defendant may be served whether or not he is in the county at the time the suit is started. The propriety of venue is determined retrospectively after the writ is served and on what actually happened in the county of suit after the writ issued.
“The fallacy of the position of the defendant is demonstrated by this example. As the result of the breach of an interstate contract, a resident of Allegheny County is entitled to damages from a resident of Hawaii, where the cause of action arose. The plaintiff, learning that the Hawaiian resident is coming to Pittsburgh, institutes suit in Allegheny County and requests the sheriff to hold the writ until the arrival of the defendant, which occurs within a few days whereupon personal service is made. Is venue proper in Allegheny County? The answer is obvious.
“But, says the defendant herein, the plaintiff ‘brought the action in a county where there was no reasonable expectation that defendant could be served.’ Does this mean that if there were such a ‘reasonable expectation’ venue would lie? Our rules contain no such language and no decision of this Court states such a principle. Moreover, such a principle would lead to chaos and would result in the necessity of a collateral determination of the ‘reasonable expectation’ issue in every action instituted outside of the causes of action or residence county.
*584 “The action having been ‘commenced,’ the statute of limitations, at least as far as that county is concerned, has been tolled.
“The essence of this argument of the defendant is that the action is ‘commenced’ only if the suit is brought in the county where the defendant then resides or in a county in which there is a ‘reasonable expectation’ that the defendant can be served or in the cause of action county. He states in his brief: ‘[The Buie] does not say that suit may be brought in any county plaintiff prefers, if he is willing to take the chance that defendant may, eventually, become subject to service there.’
“But, this is what the Buie does say and what the law of Pennsylvania always has been.
“The Buie in Pennsylvania has always permitted a plaintiff (even under the alias and pluries writs of the old practice) to commence an action and keep it alive until he suddenly serves the defendant. See Zoller v. Highland Country Club, 191 Pa. Superior Ct. 207, 156 A. 2d 599 (1959). But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution.
“In the instant case, the original praecipe was filed Avithin the original statutory period and the writ was ‘reissued’ and personally served within the proper re-issuance period. Allegheny County is therefore a county of proper venue, and the statute of limitations is therefore unavailable to the defendant after he was served.”
For the reasons herein stated, I would affirm that part of the order of the court below sustaining defendants’ preliminary objection to the jurisdiction of the Cumberland County court over their persons, but would reverse that part of the order transferring the action to the Dauphin County court.

 Rule 1043 of the Pennsylvania Rules of Civil Procedure, as amended June 27, 1969, effective September 1, 1969, provides: “Deputized Service. When an action against a defendant is commenced in the county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had.”

 Act of November 10, 1959, P. L. 1459, §1, 75 P.S. §2001, reflected in Rules 2077 and 2079 of the Pennsylvania Rules of Civil Procedure.