CHERRY v. FALVEY.

4-3346

Opinion delivered February 12, 1934.

*John E. Harris* and *C. W. Smith*, for appellant.

*Mahony & Yocum* and *John Sherrill*, for appellee.

KIRBY, J., (after stating the facts). It is insisted by appellant that his cause of action alleged necessarily falls within the 5-year statute of limitations, not being covered by the general statute of 3 years, and concedes that otherwise, if the 3-year statute applies, the cause of action is barred thereby.

The evidence is virtually undisputed that Dr. Falvey, appellee, dissolved his partnership with the other physicians in El Dorado, with whom he had been associated, had his household goods removed to Longview, Texas, in February, 1931, the doctor having moved there in January, 1931. He had a contractor to build him a home and garage apartments there in February, 1931, the doctor paying a half year's rent in advance and moving into it. He had been living with his brother at the hotel before getting into the house. One of the attorneys for appellee testified: "It was after that service of the summons in the second suit that I knew he had actually moved to Texas. I knew he had relatives in Longview, and I saw Dr. Falvey down there several times during the months that he stated in his testimony a while ago."

The original summons was issued on March 24, 1931, on this second suit, and on August 13, 1931, a *non est* return was made thereon by the sheriff, stating that appellee could not be found in Union County, Arkansas. Another, an alias summons, was issued upon this complaint June 4, 1932, and served on the appellee in Union County, where he had returned on a visit.

Appellee contends, and we have concluded his contention must be sustained, that the cause of action is controlled by § 6950, Crawford & Moses' Digest, which reads as follows:

"Contracts or liability not in writing.

"The following action shall be commenced within three years after the cause of action shall accrue, and not after.

"All actions founded upon any contract or liability, expressed or implied, not in writing."

The testimony shows that appellee had moved his residence from Union County, Arkansas, to Longview, Texas, after the nonsuit was taken in the suit first filed and before summons was issued in the second suit, and that he has continued to reside in Longview since that time. The issuance of the summons therefore for him in the second suit and delivery thereof to the sheriff of Union County was not the commencement of a new action within one year after the nonsuit suffered. An action properly commenced in this manner arrests the statute of limitations, even though summons is not served until after the statutory period elapses. In order for it to have that effect, however, the action must be properly commenced, if it be a transitory action, in the county where the defendant is served with summons or may be served. Such an action instituted in a county other than the residence of the defendant does not arrest the statute of limitations until the writ is served, and when served it relates back to the date of the issuance of the writ. The commencement of the action is by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon. *Simms* v. *Miller,* 151 Ark. 377, 236 S. W. 828.

The services of summons upon appellee on June 4, 1932, upon a return visit to Union County was more than 3 years after the injury on January 27, 1929, and more than one year after the dismissal of the prior suit which was filed on September 10, 1930. A summons was issued and served on June 4, 1932, but the issuance and service of summons on that date constituted the bringing of a new action against the appellee upon June 4, 1932, and said action was barred by the statute of limitations and also by the statute of nonsuit. *Field* v. *Gazette Pub. Co.,* 187 Ark. 253, 59 S. W. (2d) 19.

Such being the case, the court did not err in granting the motion to dismiss the cause of action, and its judgment must be affirmed. It is so ordered.