Zoller *v.* Highland Country Club, Appellant.

Argued November 12, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*R. C. Little*, with him *James J. Burns, Jr.*, and *James F. Manley*, for appellant.

*Gene K. Lynch*, with him *Dennis C. Harrington*, and *McArdle, Harrington & McLaughlin*, for appellees.

OPINION BY WRIGHT, J., December 17, 1959:

On July 14, 1955, Clara Zoller slipped and fell while leaving the swimming pool area of the Highland Country Club. To recover damages for her injuries, she and her husband instituted a trespass action against the club, and also against the Mellon-Stuart Company which had designed and constructed the area in question. The complaint was filed on July 10, 1957. The prothonotary prepared a notice of suit addressed to the sheriff,[1] but for some reason, unexplained by the record or in the briefs, this notice did not reach the sheriff's office. On November 6, 1957, counsel for plaintiffs filed a praecipe to reinstate the complaint. The

---

[1] "You are hereby notified that on the 10th day of July, 1957, a complaint has been filed in the above case and that you are required to serve the same by the 9th day of August, 1957".

prothonotary prepared another notice of suit addressed to the sheriff, and requiring service by the 5th day of December, 1957. This notice did reach the sheriff's office. Endorsed thereon is a return showing that the notice of suit, together with a copy of the complaint, was served upon the Highland Country Club on November 9, 1957, and upon the Mellon-Stuart Company on November 13, 1957. Each defendant filed preliminary objections. Those of the Highland Country Club, with which we are presently concerned, are set forth in the footnote.[2] On April 16, 1959, the court en banc dismissed the preliminary objections of both defendants, and allowed twenty days for the filing of answers. The Highland Country Club appealed to this court on April 22, 1959, which was within a period of fifteen days. See *Pennsylvania Coal Co. v. Luzerne County*, 390 Pa. 143, 134 A. 2d 657.

Our initial impression was that the appeal must be quashed on the ground that the order of the court below was interlocutory. See *Grosso v. Englert*, 381 Pa. 351, 113 A. 2d 250; *Creighan v. Pittsburgh*, 389 Pa. 569, 132 A. 2d 867. However, in *Thomas v. McLean*, 365 Pa. 526, 76 A. 2d 413, wherein the defendant's

[2] "FIRST: The Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted. SECOND: The Court does not have jurisdiction over the Defendant, HIGHLAND COUNTRY CLUB, because the Complaint served upon this Defendant on November 9, 1957, was reinstated on November 6, 1957, after the same had become a dead process for the reason that the original Complaint filed on July 10, 1957, was never taken to the Sheriff's Office and had no return made thereon by the Sheriff, and therefore, became a nullity as an original process. THIRD: The Plaintiffs' Complaint establishing that the accident happened on July 14, 1955, Plaintiffs' claim is barred by the Statute of Limitations, not having been commenced within two years of the happening of the accident. FOURTH: The Plaintiffs' Complaint is vague and indefinite, and fails to be specific in that it does not particularly describe the exact cause of the accident."

preliminary objections were the same as those filed by this appellant, the Supreme Court held that, notwithstanding the fact that the order overruling the preliminary objections was interlocutory, it was nonetheless appealable because disposition was thereby made of the jurisdictional question raised by the second objection. The appeal was then quashed as untimely. Although it is difficult to perceive in either case a question of want of jurisdiction over the person separate and apart from the question of the statute of limitations, which is an affirmative defense to be pleaded under new matter and not a proper subject of preliminary objections, our ultimate conclusion is that we should dispose of the appeal on its merits.

The court below took the position that, under the Pennsylvania Rules of Civil Procedure, the action was commenced by the filing of the complaint, that the statute of limitations was tolled because the complaint in the instant case was filed within a period of two years from the date of the accident, and that the tolling of the statute was not affected by the fact that the original notice of suit did not reach the sheriff's office and no return was made thereon. Appellant contends to the contrary that a complaint may not be reinstated after the statute of limitations has run "where the Plaintiff made no attempt to have the original writ or complaint served upon the Defendant during the 'life' of the original process".

Appellant argues vigorously that, under the lower court's interpretation of the Pennsylvania Rules of Civil Procedure, it would be "possible for a Plaintiff to file an original praecipe and do nothing else except file subsequent praecipes for reissuance every two years ad infinitum, and then, whenever the Plaintiff desires, have such reissued writ served by the Sheriff, be it ten, twenty or any number of years after the occurrence in which the personal injuries were sustained.

This is, we submit, an absurdity and in complete derogation of the purposes and objectives for which the Statutes of Limitations have been adopted". While we are not without sympathy for this argument, it should be addressed to the members of the Procedural Rules Committee.

Our present decision is limited to the question arising from the instant factual situation. These plaintiffs did file a complaint within the statutory period. So far as the record discloses, the circumstance that this complaint did not reach the sheriff's office was not due to any fault of the plaintiffs. Cf. *Gibson v. Pittsburgh Trans. Co.*, 311 Pa. 312, 166 A. 842. The complaint was reinstated within three months after the expiration of the statutory period, and service was made promptly thereafter. Our conclusion is that the lower court acted properly in overruling the preliminary objections. The plaintiffs did not remain inactive indefinitely. See *Mayo v. James Lees & Sons Co.*, 326 Pa. 341, 192 A. 459; *Rees v. Clark*, 213 Pa. 617, 63 A. 364.

We will not prolong this opinion by considering in detail the pertinent Pennsylvania Rules of Civil Procedure. A discussion thereof may be found in the commentary by Goodrich-Amram under Pa. R. C. P. Rules 1007 et seq. There is also an extended analysis, supporting the position of the court below, in *Thomas v. McLean Coal Co.*, 79 Pa. D. & C. 492.

Order affirmed.