# Howard v. Bentley

*George B. Stegenga*, for plaintiff.

*Paul P. Posa* and *Francis H. Patrono*, for defendants.

SWEET, P. J., July 7, 1967.—It seems that on August 17, 1962, Phyllis Howard et vir sued Ray Bentley and Carlo Calderone for personal injuries. These had taken place on August 20, 1960, so the Howard suit was not brought until the last week of the period of limitations. The papers were not served.

On June 20, 1964, the complaint was reinstated, but not served. Then on August 17, 1964, the complaint was reinstated and served on August 18, 1964.

Both Ray Bentley and Carlo Calderone took preliminary objections. Both objectors made the same point: "Inasmuch as the said Complaint of the plaintiffs was not served within two years after the date of its filing this action in trespass is barred by a principle of law analogous to the Statute of Limitations". The Howard complaint just barely gets past preliminary objections.

In the first place, it is unsigned. Pennsylvania Rule of Civil Procedure 1023 (a) provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. A party not represented by an attorney shall sign his own pleading".

We would be inclined to suppose that this was a mere oversight because of the time element. However, Pa. R. C. P. 1023 (b) provides:

"The signature to a pleading constitutes a certificate that the person signing it has read it, that to the best of his knowledge, information and belief there is good ground to support it, and that it is not interposed for delay".

It has been held that a failure to sign a pleading renders it defective. See Dooley v. Pennsylvania Railroad Co., 64 D. & C. 110 (1948) ; Weiss v. Raker, 63 D. & C. 629 (1948) ; Winters v. Sheporwich, 83 D. & C. 484 (1952). In Coringrato v. Stoudt, 26 Lehigh 540 (1955), plaintiff took judgment by default on a complaint which had not been signed by anyone. The court opened the judgment to permit defendant to file his defense on the merits, if any. If, therefore, the failure of signature is not occasioned by an unwillingness of counsel to assume the obligation of rule 1023 (b) set forth hereinabove, we will permit the late amendment of this complaint by the affixation of holographic signature. This matter is mentioned not so much to dispose of the instant case, but to remind the members of the profession that the requirements of signature to a pleading are substantial and not perfunctory.

We feel that the objections of defendants must fail, although frankly, there is little reason to be tender in technical requirements with a pleader who defers his filing until the last week and his reinstatement until the last day.

Defendants want us to adopt a new rule, to wit: not only reinstatement, but service must be completed within two years. In Rufo v. Bastian-Blessing Co., 420 Pa. 416 (1966), this was said:

"The filing of the original complaint in trespass on December 12, 1958, tolled the statute of limitations for the statutory period of two years, but not a day longer; and the statute of limitations bars the reissuance of the complaint after this period expires. Marucci v. Lippman, 406 Pa. 283; Zarlinsky v. Laudenslager, 402 Pa. 290".

Here, defendant filed his complaint on August 17, 1962, and had it reinstated on August 17, 1964.

Defendants themselves have raised the analogy of the statute of limitations, so let us use it. Suppose

the accident had happened on August 17, 1962, and the suit had been filed on August 17, 1964. The filing would have been timely. Pa. R. C. P. 106(a) provides:

"When a period of time is referred to in any rule, such period in all cases, . . . shall be so computed as to exclude the first and include the last day of such period".

2 Standard Pa. Prac. 107 says:

"In computing the time within which an action may be brought, the day on which the cause of action arose should be excluded, for it is a well-settled general rule that where an act of assembly requires a thing to be done within a certain time from a prior date, and deprives the party of a right for omitting it, the day from which the count is to be made should be excluded in computing the time within which the act must be done".

There are a multitude of cases construing the various time elements.

The reinstatement was thus obtained during the period of limitation.

The next inquiry is: How much action does plaintiff have to take to comply? Must he get the papers served or is it enough to take them to the prothonotary? The classical hornbook rule has been that the statute of limitations is "tolled with the impetration of the writs".

". . . for a cause of action to be kept alive a subsequent writ must be issued within the statutory period from the impetration of the prior writ".*

When the complaint is marked "reinstated" by the prothonotary, the analogy to the issuance or impetration of the writ is complete; hence, defendant's anal-

---

* 2 Standard Pa. Prac. 199 footnoting Mayo v. James Lees & Sons Co., 326 Pa. 341; Cardello v. Fleming, 43 D. & C. 367.

148

ogy falls of its weight. 2 Standard Pa. Prac. 199 says:

"The only remedy for a subsequent unreasonable delay was by a motion to stay proceedings on the ground of abandonment".

The Superior Court has said in Zoller v. Highland Country Club, 191 Pa. Superior Ct. 207 (1959), that the suit could not be kept alive indefinitely, and characterized the contrary argument as "absurdity".

1 Goodrich-Amram, 1966, supplement, p. 96, says:

"The plaintiff would necessarily run into the rule dismissing an action for want of prompt prosecution".

In view of all the foregoing, we are not inclined to attempt to amend the old law. Since initial suit must be only filed within two years, and not served in that time, it seems unreasonable for us to hold that a reissued writ or complaint must also be served within a similar period.

Preliminary objections of both defendants are dismissed and in view of the imminence of bar vacation, defendants are given until September 15, 1967, to plead over.