Salay, Appellant, v. Braun.

Argued September 29, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*John A. Robb,* with him *Thomas Levendos,* and *Royston, Robb, Leonard, Edgecombe, Miller & Shorall,* for appellant.

*Bruce R. Martin,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 14, 1967:

The plaintiff was injured when his automobile was struck from the rear by an automobile operated by the defendant. The accident occurred in Washington County, Pennsylvania, on March 1, 1963. This suit

for damages was instituted in Allegheny County on January 20, 1965, by causing a writ of summons in trespass to issue. At that time the defendant was a resident of Washington County and personal service of the writ was made on the defendant at her home in Washington County by the sheriff of that county, who had been deputized for this purpose by the sheriff of Allegheny County.

The defendant through preliminary objections attacked the "jurisdiction" of the court of Allegheny County and requested that the writ be dismissed. The court set aside the service, concluding it was improper and not authorized by the Rules of Civil Procedure, but refused to dismiss the writ.

On June 22, 1965, the plaintiff caused the writ of summons to be reissued and also filed his complaint. The new writ and complaint were personally served on the defendant by the sheriff of Allegheny County at her recently acquired residence in Allegheny County.

The defendant filed preliminary objections challenging the "venue" of the Allegheny County courts. The lower court sustained the objections and dismissed the action. The plaintiff appeals.

We reverse.

The issue for determination is whether or not venue properly lies in Allegheny County. "Jurisdiction" and "venue" should not be confused. The Allegheny County courts clearly have "jurisdiction" of automobile accident cases. Cf. *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 208 A. 2d 252 (1965).

Rules 1006, 1042 and 1043 of the Pennsylvania Rules of Civil Procedure regulate venue in automobile accident cases. Thereunder, the plaintiff has the option of instituting his action either in the cause of action county or in any county in which the defendant may be served. Since the action is transitory, venue properly lies in any county in which the defendant may be

served even though such county is not either his residence or the county in which the cause of action arose. See *Hooks v. DuBois*, 420 Pa. 65, 215 A. 2d 631 (1966).

But, asserts the defendant (and this view was adopted by the lower court), the situation existing at the moment the writ was first issued determines the venue question. In other words, venue of the Allegheny County courts in this action must be determined as of the time the suit was filed. With this we do not agree. This is not what our Rules of Civil Procedure say or contemplate. On the contrary, our rules intend that venue may be laid wherever the defendant may be served whether or not he is in the county at the time the suit is started. The propriety of venue is determined retrospectively after the writ is served and on what actually happened in the county of suit after the writ issued.

The fallacy of the position of the defendant is demonstrated by this example. As the result of the breach of an interstate contract, a resident of Allegheny County is entitled to damages from a resident of Hawaii, where the cause of action arose. The plaintiff, learning that the Hawaiian resident is coming to Pittsburgh, institutes suit in Allegheny County and requests the sheriff to hold the writ until the arrival of the defendant, which occurs within a few days whereupon personal service is made. Is venue proper in Allegheny County? The answer is obvious.

But, says the defendant herein, the plaintiff "brought the action in a county where there was no reasonable expectation that defendant could be served." Does this mean that if there were such a "reasonable expectation" venue would lie? Our rules contain no such language and no decision of this Court states such a principle. Moreover, such a principle would lead to chaos and would result in the necessity of a collateral determination of the "reasonable expectation" issue

in every action instituted outside of the cause of action or residence county.

The defendant further urges that the action is barred by the intervention of the statute of limitations. Recognizing that we have ruled that the statute is tolled by the mere filing of a praecipe within the prescribed statutory time,[1] it is argued that these rulings control only where venue properly lies in the county where the action is instituted at the time the suit is filed. Again, we do not agree.

Rule 1007, Pa. R.C.P., specifically provides that the action is "commenced" when the praecipe is filed, irrespective of whether the prothonotary issues the writ or the sheriff serves it. This is the deliberate intent of the rule, to free the plaintiff from the risk that the statute of limitations may bar him if *he* acts in time, but *someone else* fails to act in time.

The action having been "commenced," the statute of limitations, at least as far as that county is concerned, has been tolled.

The essence of this argument of the defendant is that the action is "commenced" only if the suit is brought in the county where the defendant then resides or in a county in which there is a "reasonable expectation" that the defendant can be served or in the cause of action county. He states in his brief: "[The Rule] does not say that suit may be brought in any county plaintiff prefers, if he is willing to take the chance that defendant may, eventually, become subject to service there."

But, this is what the Rule does say and what the law of Pennsylvania always has been.

The Rule in Pennsylvania has always permitted a plaintiff (even under the alias and pluries writs of the

---

[1] See *Gibson v. Pitts. Transportation Co.*, 311 Pa. 312, 166 A. 842 (1933), and *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A. 2d 317 (1961).

old practice) to commence an action and keep it alive until he suddenly serves the defendant. See *Zoller v. Highland Country Club,* 191 Pa. Superior Ct. 207, 156 A. 2d 599 (1959). But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution.

In the instant case, the original praecipe was filed within the original statutory period and the writ was "reissued" and personally served within the proper reissuance period. Allegheny County is therefore a county of proper venue, and the statute of limitations is therefore unavailable to the defendant after he was served.

The case of *Cherry v. Falvey,* 188 Ark. 827, 68 S.W. 2d 98 (1934), cited by the lower court, is not helpful. The language of the controlling Arkansas statute is different from the language employed in our rules. Further, the exact question adjudicated therein was the interpretation of the phrase "proper county" in the Arkansas statute, which was interpreted to mean the county of residence for the purposes of that case; that phrase appears nowhere in the Pennsylvania Rules of Civil Procedure.

While we need not decide the impact of the recent amendment to Rule 1006, Pa. R. C. P., namely 1006(e) (effective September 1, 1967, on all pending actions), on the present case, it is noteworthy that thereunder even if a preliminary objection to venue is sustained, the action may *not* be dismissed. Rule No. 1006(e) provides that if the objection to venue is sustained, the court may *not* dismiss the action but *must* transfer the case to the appropriate court of another county of the Commonwealth in which the venue may be properly laid. While this Rule is not strictly applicable here, since no transfer is required, nevertheless, the spirit of the amendment clearly indicates that improper venue will no longer be a ground for dismissal if venue properly lies in another county.

The final argument of the defendant, maintaining that the initial order entered in the case below setting aside the service upon the defendant in Washington County is res judicata, is likewise not accepted. This decision adjudicated only the invalidity of the *first* attempted service in Washington County, and the only issue adjudicated was whether or not this deputized service was proper. The court correctly held that it was not. See *Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 231 A. 2d 753 (1967). The action was not dismissed. The present issue before the court is the validity of the *second* attempted service. Under no theory can the decision invalidating the Washington County deputized service be res judicata of the validity of the personal service in Allegheny County.

Order reversed.

Mr. Chief Justice BELL dissents.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.