WOLFE, P. J.,
— Before the court is a motion by defendant, Albert Rudolph, for summary judgment under Rule 1035, Pennsylvania Rules of Civil Procedure.
Plaintiffs’ cause of action arose on March 10, 1965, by reason of a motor vehicle accident.
The record in the prothonotary’s office reveals that plaintiff filed a praecipe for summons on March 7,1967, which summons was issued but not served. On February 17, 1969, a praecipe for reissuance of summons was filed and on February 25, 1969, the summons was served by the sheriff on the defendant Rudolph. The pleadings in this case are closed and defendant’s motion has been argued and the matter is now ready for decision.
Defendant Rudolph argues that the conduct of plaintiffs’ attorney amounted to a “hold order” to the prothonotary when plaintiff filed the praecipe for writ of summons on March 7, 1967.
In support of this position, defendant filed an affidavit executed by Robert L. Ritchie, Prothonotary of the Court of Common Pleas of Warren County, namely:
“Robert L. Ritchie, Prothonotary of the Court of Common Pleas of Warren County, Pennsylvania being duly sworn, deposes and says that an examination of the pertinent documents in his office in the above entitled *653 case shows that a praecipe for the issuance of a summons was lodged in his office by Plaintiffs’ counsel on the 7th day of March, 1967.
“In accordance with the request and said praecipe a summons in trespass was issued to the above term and number; that no further proceeding in this case either in the way of reissuing said summons nor of lodging the same with the Sheriff of Warren County for the service, nor any other proceedings of any nature whatsoever occurred until the 17th day of February, 1969, at which time on praecipe of counsel for Plaintiff a second summons was issued which was then lodged in the office of the Sheriff of Warren County and duly served upon Defendant.
“That it is the practice and custom and procedure in the Office of the Prothonotary of the Court of Common Pleas of Warren County that upon receiving a praecipe for the issuing of a summons from counsel for a litigant said summons, unless instructions are received to the contrary, are immediately issued and then lodged in the Office of the Sheriff of Warren County for service upon the Defendant.”
In further support of defendant’s motion, defendant produced a letter from the attorney for plaintiff to the Penn Eastern Adjusters, Inc., adjusters for the insurance carrier for defendant Rudolph, said letter being dated December 6,1968 and reads as follows:
“Penn Eastern Adjusters Inc.
P. O. Box 301
Oil City, Pa. 16301 “Attention: Mr. John Wood
“In Re: DeChene vs Rudolph, et al Your File No. 1XF2948
“Gentlemen:
“As per your request of Nov. 8,1968,1 am enclosing conformed copies of the following items in my file:
“1. Original 7-26-65 report of Dr. William Walters.
*654 “2. Pertinent data from 6-4-65 report of Andrew L. Yurick, R.P.T.
“3. Undated status report of Dr. Walters. (Although his report is undated, it was posted to me on 10-24-68 in response to my request of 10-14-68 for a current status report.)
“4. Some support for wage loss on El-Tronics Inc. stationery.
“5. $105 bill of R.P.T. Yurick.
“6. $4 and $25 Warren General Hospital bills.
“7. $42 Dr. Walters bill and $13.25 pharmacy bill.
“Reference is made to my letter of October 25, 1968 for background etc.
“Frankly, if there is any chance of our doing business with you prior to the close of this year, I would welcome such a closing. After you have talked with your client, please contact me and let’s see what we can do. As a matter of fact, I would like to know your stand as soon as possible. We have started suit but have held up service.
“Please advise.
“Sincerely,
“s/Philip F. Jacobus”
Made part of the record at argument on the motion is a copy of a letter under date of March 6,1967, of the said Philip F. Jacobus as attorney for plaintiffs to the then prothonotary, Warren G. Lowe, which reads as follows:
“Mr. Warren G. Lowe, Prothonotary
“Warren County Court House
“Warren, Pennsylvania
“Dear Warren:
“Enclosed is a praecipe for summons in trespass in the matter of DeChene et al vs Gibson et al which please file but it will not be necessary to have the Sheriff serve the Defendants at this time. I will give you instructions on that later. (Emphasis added)
*655 “Will you please call my office at 837-6915, collect, and give me the term and number which this case is being filed. The statute is upon us so it should be filed immediately. Thank you.
“Sincerely,
“s/Philip F. Jacobus”
Defendant argues that although acknowledging the filing of a praecipe with the prothonotary prior to the expiration of the two-year statute of limitations in a trespass case for personal injuries is sufficient to toll the statute, nonetheless, in the instant case the praecipe filed and summons issued thereon on March 7, 1967, is a complete nullity by reason of the foregoing affidavit and letters. In this regard, defendant relies upon numerous cases among which is Peterson v. Philadelphia Suburban Transportation Co., 445 Pa. 232. The issue in the Peterson case was simply stated thus: “When is a party defendant, named as such in a summons, not a party in fact? The answer given by the lower Court was, when he has not been served with the summons because of a ‘hold’ order given by the Plaintiff to the Sheriff. We agree.” The Peterson case cites the case of Bittler v. Rocco Bono Equipment Rentals, 38 Pa. D. & C. 2d 458, among others, wherein Judge Stranahan held that the conduct of plaintiff rendered his purported tolling of the statute of limitations a nullity.
At page 459 of the Bittler case, the court found from the record:
“At time the praecipe was filed, plaintiff’s counsel requested the Prothonotary of Mercer County to mark it ‘hold’: This was done by the prothonotary, as indicated on the praecipe, and no writ was issued.”
In the Peterson case, supra, the record established beyond question that defendant was never served because of an “order” by plaintiff to the sheriff to “hold” service.
*656 In these cases, the court discusses the language of Pennsylvania Rules of Civil Procedure 1007, 1009, lOlOd and the effects thereof.
This court does not disagree with the decision held in the Bittler case or the Peterson case, because in those cases the record established unequivocally that plaintiff had taken affirmative action in advising the prothonotary in the one case (Bittler) not to issue the writ and in the Peterson case specific instructions to the sheriff not to serve the writ. (Italics supplied.)
In Salay v. Braun, 427 Pa. 480, the court recited the familiar rule that an action is “commenced” when the praecipe is filed irrespective whether the prothonotary issues the writ or the sheriff serves it, that court stating:
“The rule in Pennsylvania has always permitted a Plaintiff (even under the alias and pluries writs of the old practice) to commence an action and keep it alive until he suddenly serves the Defendant. See Zoller vs Highland Country Club, 191 Pa. Super. Ct. 207, 156 A2d 599 (1959). But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution.”
Again, in Zoller v. Highland Country Club, 191 Pa. Superior Ct. 208, the appellant argued that the lower court’s interpretation of the Pennsylvania Rules of Civil Procedure would permit a plaintiff to file an original praecipe and do nothing else except file subsequent praecipes for reissuance every two years ad infinitum and then, whenever plaintiff desires, have such reissued writs served by the sheriff, be it 10, 20, or any number of years after the occurrence in which the personal injuries were sustained.
The court stated that this position would be an absurdity and in complete derogation of the purposes and objectives for which the statutes of limitations have been adopted and while the court was not without sym *657 pathy for the argument, it suggested that it be addressed to members of the Procedural Rules Committee.
Therefore, it is settled that if a praecipe is filed for a writ, the statute of limitations is tolled irrespective of whether or not the writ is actually issued or served prior to the expiration of the statute in the particular case.
The narrow question to be resolved in this instant case is whether the conduct of plaintiff amounted to an order or direction to the prothonotary to “hold” service in contravention of the rules providing for service of writs.
This court is of the opinion it does not. The letter of March 6, 1967, simply advises the prothonotary that it would not be necessary to have the sheriff serve the defendant at this time and that further instructions would be forthcoming. The letter of December 6,1968, reveals that the parties to the action were in negotiations as early as October 25, 1968, and reflects the attitude of plaintiffs that plaintiffs had no intentions of abandoning their cause of action as defendant now interprets. Certainly, there is no instruction to the prothonotary to mark the praecipe “hold” as was done in the Bittler case and the writ not issued, nor were there any instructions to the sheriff not to make service as in the Peterson case.
Indeed, under the language of the Salay v. Braun, and the Zoller cases, plaintiff in the instant case could not be criticized for not diligently pursuing his case when, in fact, the supporting evidence for defendant’s motion indicates that plaintiff was attempting settlement negotiations with defendant’s agent and had taken steps to toll the statute of limitations in the interim.
Under the factual situation of this case, following defendant’s interpretation under the above-cited cases, *658 if plaintiff does nothing in regard to instructions to the prothonotary or sheriff and, on the other hand, where plaintiff does give instructions to the prothonotary or sheriff but such instructions are to be construed as an order to “hold,” would, in this court’s opinion, amount to an injustice on the part of the parties attempting to settle their cases in good faith and toll the statute in the interim.
In this court’s opinion, the language of the Peterson case and the Bittler case should not be so broadly construed and unless it is clearly shown on the record that plaintiff elected to sit on his hands by affirmative action as was done in the Peterson and Bittler cases and directs the prothonotary or sheriff to do likewise, plaintiff should not be put out of court on a lesser showing.
Therefore, the court makes the following order:
ORDER
And now, May 25, 1970, the motion for summary judgment by defendant Albert Rudolph is denied.