## Brua, Admrx. v. Bruce-Merrilees Electric Co.

*Theodore M. Tracy* and *Francis X. Caiazza,* for plaintiff.

*Richard N. McKee, William R. Balph, Jr., Howard C. Klebe* and *Frank G. Verterano,* for defendants.

LYON, J., November 23, 1973.—Defendants, Bruce-Merrilees Electric Company, a corporation, and the Pennsylvania Power Company, a corporation, have moved for a summary judgment against plaintiff, Tina M. Brua, administratrix of the Estate of Herbert W. Brua, deceased.

A summary judgment should be granted only when the case is clear and free from doubt: Mallesky v. Stevens, 427 Pa. 352, 235 A. 2d 154 (1967); Toth v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968). There are certain well-established principles of law which govern summary judgment proceedings, namely: (1) one who moves for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035 has the burden of demonstrating clearly that there is no genuine issue as to any material fact; (2) the court should not attempt to resolve conflicting contentions of fact, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment; and (3) where the basic facts are not in dispute, but the parties in good faith nevertheless disagree about the inferences to be drawn from these facts and what the intention of the parties was as shown by the facts, in

such circumstances, the case is not one to be decided on a motion for summary judgment: Elkay Manufacturing Co. v. Chasco Supply Co., 219 Pa. Superior Ct., 530, 281 A. 2d 765 (1971); McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969); Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

Plaintiff seeks to recover damages from defendants in both a survival action and a wrongful death action. Defendants' motion for summary judgment is bottomed solely upon the contention that the wrongful death action is barred by the applicable statute of limitations and concede that the survival action was timely filed. The parties are in agreement concerning the material facts applicable to the statute of limitations governing the wrongful death action.

Section 2 of the Act of April 26, 1855, P. L. 309, 12 PS §1603, which relates to the wrongful death action, provides: "the action shall be brought within one year after the death, and not thereafter." This section is a general statute of limitations, and not one conditioning the right of action: Echon v. Pennsylvania R. R. Co., 365 Pa. 529, 76 A. 2d 175 (1950).

The sole legal issue raised by the motion for summary judgment requires a determination of whether the instant plaintiff brought the action within one year. In Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, 166 A. 842 (1933), the Supreme Court held that a wrongful death action was "brought" when the praecipe for summons was filed in the prothonotary's office, writ paid for, and the case properly indexed and docketed, so as to toll the statute, though actual service was not had until after the running of the statute. Subsequently, the Supreme Court indicated in Mayo v. James Lees & Sons Co., 326 Pa. 341, 192 A. 459 (1937), that plaintiff, to toll the statute of limitations, must

cause a summons to issue within the statutory period and thereafter take prompt steps to obtain service. The apparent inconsistency between the statements of the Supreme Court in the Gibson and Mayo cases is explained in the commentary of section 1007-3 of Goodrich-Amram where it is stated:

"Under the prior practice, there were differences of opinion respecting the date when an action had been 'commenced' by the plaintiff within the meaning of the Statutes of Limitations. The alternatives included (1) the date the plaintiff filed his praecipe; (2) the date the prothonotary prepared and issued the writ; (3) the date the writ was delivered to the sheriff for service." (footnote omitted)

Pennsylvania Rule of Civil Procedure 1007 was subsequently construed in Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967), where the Supreme Court stated: "Rule 1007 . . . specifically provides that the action is 'commenced' when the praecipe is filed, irrespective of whether the prothonotary issues the writ or the sheriff serves it": 427 Pa. at 484, 235 A. 2d at 371.

The leading case concerning the effect of issuance and reissuance of a summons under the current Supreme Court Rules of Civil Procedure is Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A. 2d 317 (1961). Chief Justice Jones, speaking for a unanimous Supreme Court in Zarlinsky, stated:

"The Pennsylvania Rules of Civil Procedure abandoned alias and pluries writs of summons and provide, in lieu thereof, for the reissuance of the original writ. Specifically, Rule 1010(b) provides that 'A writ may be reissued . . . at any time and any number of times.' This Rule is inadequately worded and its language must be construed by reasonable interpretation. The same limitation is to be applied to the time in which a writ of summons may be *reissued* as was

formerly applied for *the issuance* of an alias or pluries writ, i. e., a writ of summons may be reissued only for a period of time which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action": 402 Pa., at 294, 167 A. 2d at 320. (Italics in original.) In accord, Peterson v. Phila. Suburban Transportation Co., 435 Pa. 232, 255 A. 2d 577 (1969); Rufo v. Bastian-Blessing Co., 420 Pa. 416, 218 A. 2d 333 (1960), Marucci v. Lippman, 406 Pa. 283, 177 A. 2d 616 (1962).

A chronological statement of the pleadings and other steps taken by the instant plaintiff will best present the posture of the present case and the problems presented. The cause of action arose by reason of plaintiffs' decedent's death on August 26, 1969. The first action taken by plaintiff occurred on August 24, 1970, when a praecipe for a writ of summons in trespass against both defendants was filed with the prothonotary. Plaintiff's affidavit, which we accept as true, states:

". . . at the time of said filing [of said praecipe] the handwritten and unsigned notation which now appear on the back thereof and which reads '8/24/70 issue but do not serve'. . . . was placed thereon after the same had been filed with the prothonotary as aforesaid by a person whose identity is unknown to plaintiff or her counsel and was done without the knowledge or authority of plaintiff or her counsel . . . but that on the date said praecipe was filed, the prothonotary did issue in said action the duly praeciped Writ of Summons in Trespass. . . . Counsel for plaintiff had hoped to have sufficient information and time available to prepare and file a complaint which could be

served with the Writ of Summons in Trespass shortly thereafter and therefore orally advised the prothonotary to temporarily delay having service made until further advice from plaintiff's counsel. . . . that on August 20, 1971, and within one year of the date of the filing of plaintiff's said praecipe for Writ of Summons in Trespass and the issuance of said writ, counsel for the plaintiff filed with said prothonotary a Praecipe for the Reissuance of said Writ, and said Writ was issued on August 20, 1971 . . . that on August 24, 1971, said Writ of Summons as reissued . . . was duly served . . . on each of the original defendants."

Defendants contend that these admissions in the affidavit factually distinguish the instant case from the facts of the previously cited Pennsylvania appellate court decisions; that the admissions conclusively prove the deliberate actions of plaintiff's counsel stopped service of the instant writ of summons in the normal course of procedure; and that, under these circumstances, the statute of limitations was not tolled by the mere filing of the praecipe for the writ. Hence, the narrow question to be resolved is whether the Statute of Limitations is tolled by the filing of a praecipe for summons when plaintiff's counsel, at the same time, advised the prothonotary to "temporarily delay having service of the Writ of Summons made until further advice from plaintiff's counsel." The Pennsylvania appellate courts have not clearly decided the issue and the question is one of first impression for the courts of this judicial district.

Nor have the legal commentators discussed the precise issue. However, their comments concerning the legal consequences flowing from the mere filing of a praecipe for summons indicate their position is

opposed to the proposition of law urged by defendants. The authors of Goodrich-Amram have stated in their commentary to section 1007-3:

"Rule 1007 (1) clarifies any doubts with respect to the prior law. The action is 'commenced' by 'filing with the prothonotary a praecipe. . . .' This makes it clear that this action by the plaintiff is all that is required of him. Failure of the prothonotary to issue the writ, failure of the plaintiff to pick the writ up, or failure of the sheriff to receive the writ for service are all irrelevant, so far as tolling the statute is concerned. By the mere filing of the praecipe, the action has been 'commenced.'" In accord, 2 Anderson, Pa. Civ. Prac. §1007.6, et seq.; 2 Standard Pennsylvania Practice, (rev.), §§136 and 137, et seq.

However, the precise question raised by defendants has been considered by numerous common pleas courts, but there is no uniformity in the results obtained. The greater number of lower court cases appear to have rejected defendants' contention, holding instead that the filing of a praecipe for a writ of summons automatically tolls the statute of limitations, and that the tolling of the statute is unaffected by plaintiff's actions of deliberately stopping either the issuance or service of the writ. Thus, in Winger v. Fry, 79 Dauph. 388 (1962), the Court of Common Pleas of Dauphin County held the statute of limitations was tolled by the filing of a praecipe for a writ of summons despite the fact that there was written across the face of the praecipe the words, "hold writ," and as a result, the writ never left the sheriff's office. The Westmoreland County Court of Common Pleas, in Sipe et al. v. Pohland Bros. Bldg. & Lumber Co., Inc., 51 Westmoreland 125 (1969), held the statute of limitations was tolled even though it appeared on the writ of summons "that the writ was not served by direction of attorney."

Similar decisions were rendered by several other common pleas courts: Yupcavage v. Mackovy, 68 Schuyl. 128 (1972); Bobiak v. J. C. Penney Co., 68 Schuyl. 134 (1972); Cf. Drigel v. Daugherty, 5 Butler 103 (1969); Belas v. Melanovich, 31 Beaver 108 (1971).

The decisions of a substantial number of other courts of common pleas attempt to preserve the integrity and effectuate the purpose of the statute of limitations. Although the decisions give effect to the dicta of Salay v. Braun, supra, stating that Pa. R. C. P. 1007 was intended to "free the plaintiff from the risk that the statute of limitations may bar him if he acts in time but someone else fails to act in time," they hold that where the plaintiff deliberately stopped the issuance or service of the writ until after expiration of the statutory period, the timely filing of a praecipe for writ of summons does not toll the statute of limitations. This rationale was announced in the leading case of Bittler v. Rocco Bono Equipment Rentals, 38 D. & C. 2d 458 (1966), where plaintiff's counsel, in the process of timely filing a praecipe, directed the prothonotary not to issue the writ of summons. The Mercer County Court of Common Pleas concluded that the filing of a praecipe under these circumstances did not toll the statute of limitations, stating:

" 'However, when the plaintiff went further and notified the prothonotary to hold the praecipe, in-effect they *nullified* their action in filing it. In other words, while purporting to commence an action, they expressly prevented the commencement of it by simultaneously stopping and thereby *nullifying* the effect of their praecipe' ": 38 D. & C. 2d at 461 (Italics in original.)

In accord, Krout v. Anchor Motor Frt., 81 York 131 (1967). A similar rationale was adopted by the Courts of Common Pleas of both Butler and Washington

Counties, each holding that even though the praecipe for a writ of summons was timely filed, the statute of limitations was not tolled because plaintiffs subsequently directed the sheriff not to serve the writ: Ellis v. Danielson, 4 Butler 326 (1967); Amati v. Campbell, 51 Wash. Co. 1 (1970). However, in Cunjak v. Lectromelt Corp., 57 D. & C. 2d 708 (1972), the Dauphin County Court of Common Pleas, unlike the Courts of Common Pleas of both Butler and Washington Counties, held that where a wrongful death action was commenced by the timely issuance of a summons, which was delivered to the sheriff with the notation, "hold-will advise," plaintiff had a right to reissuance of the summons within one year after its original issuance.

It is, indeed, difficult to identify the rationale of DeChene v. Gibson, 52 D. & C. 2d 651 (1970). In that case, the prothonotary issued a writ of summons in trespass pursuant to a praecipe of plaintiffs' counsel who wrote the prothonotary a letter stating: "but it will not be necessary to have the sheriff serve the defendants at this time. I will give you instructions on that later." These instructions are markedly similar to the instructions given to the prothonotary in the instant case. As a result of these instructions, the writ of summons, like the writ in the instant case, was never delivered to the sheriff's office. The Warren County Court of Common Pleas pointed out that there was no instruction to the prothonotary to mark the praecipe, "hold," as was done in the Bittler case and the writ of summons was, in fact, issued; that there were no instructions to the sheriff not to make service; and that plaintiffs had no intention of abandoning their cause of action, since the parties were involved in settlement negotiations. The court concluded that under these circumstances, substantial injustice would result if it were to be held that the statute of

limitations was not tolled by the filing of the praecipe. Cf. Drigel v. Daugherty, supra. We surmise from a careful reading of DeChene that the court reached the conclusion after balancing the prejudice to defendants resulting from the delay against the hardship the bar of the statute of limitations would cause to plaintiffs.

Our research discovered no decisions, and none were cited in the able briefs of the parties, where it was held that the timely filing of a praecipe did not toll the statute of limitations even though the issuance or service of the writ was delayed beyond the statutory period because of plaintiff's "acts of omission." Although some of the cases expressly distinguished between the fault of plaintiff resulting from a deliberate or affirmative act and the fault resulting from his acts of omission, we could find no explanation for holding that the statute of limitations was tolled when the sin was one of omission rather than commission. In Kovalcik v. G. C. Murphy Co., 53 D. & C. 2d 402 (1971), the Court of Common Pleas of Washington County concluded that the original statute of limitations was tolled by the filing of the praecipe even though the writ of summons was not served by the sheriff because plaintiff had given him no affirmative instructions to have the summons served. The court factually distinguished its prior case of Amati v. Campbell, supra, by pointing out the summons in that case was not served by reason of the instruction, "please do not serve," written across the face of the praecipe. The same distinction was made in Kennedy v. American Mach. & Fdry. Co., 83 York 4 (1969), where the Court of Common Pleas of York County held the statute of limitations was tolled by the filing of a praecipe for summons even though the writ was not issued and there was no evidence that the omissions resulted from any action of plaintiff. The Kennedy court factually

distinguished its former decision in Krout v. Anchor Motor Frt., supra, by indicating that plaintiff in the former case had shown bad faith by directing the prothonotary not to issue the writ of summons. The Court of Common Pleas of Philadelphia made a similar distinction between fault resulting from an act of omission as opposed to an act of commission when it held in Wiener v. Gemunden, 58 D. & C. 2d 185 (1972), that the statute of limitations was tolled even though plaintiff failed to pay the sheriff's fee and transmit the summons for service, since there had been no deliberate action by plaintiff to prevent service of the writ.

We agree with defendants that the statute of limitations is bottomed upon a public policy against the assertion of stale claims. However, it must be presumed that the legislature did not intend the result of a statutory limitation of action to be absurd or unreasonable: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52 (1), 46 PS §552 (1). When a praecipe for summons is timely filed but the writ is either not issued or not served within the statutory period, it is absurd to hold that the statute of limitations is not tolled if the issuance or service of the writ was stopped by plaintiff's affirmative acts, but that it is tolled when plaintiffs sought and attained the same result by failing to deliver the writ to the sheriff or by failure to give proper instructions for service. Yet such an illogical and unjust discrimination among plaintiffs flows from the proposition of law the instant defendants urge us to adopt. We refuse to do so. Whether plaintiff instructs the prothonotary or the sheriff not to issue or serve the writ, or whether he merely fails to deliver the writ to the sheriff, pay the fees, or give affirmative instructions for service, he is charged with the knowledge, in either event, that notice of suit will not be given to defendant in the

normal course of procedure. Furthermore, the "hold order" issued by plaintiff, who does not want service in the normal course of procedure, might well be motivated solely by a desire to save the time of either the prothonotary or the sheriff. The affirmative or deliberate conduct of a plaintiff in stopping issuance or service of the writ under these circumstances is clearly less culpable than the action of a plaintiff who deliberately accomplishes the same result by doing nothing.

The proposition of law urged by the instant defendants not only unjustly discriminates between plaintiffs but also illogically discriminates among defendants. It is absurd to conclude that a cause of action can be validly asserted against defendant who is somehow prejudiced by a delay resulting from a plaintiff's act of omission while at the same time holding that an identical cause of action against defendant, who suffered no prejudice from a delay of like duration, is barred by the statute of limitations because it was caused by plaintiff's act of commission. Such an incongruous application of the statute of limitations, which results in injustice to the parties, must be rejected and condemned as contravening the purpose of the law. Laws are promulgated for the purpose of doing substantial justice among the parties, not to do injustice.

The rationale of two appellate court cases, Salay v. Braun, supra, and Zoller v. Highland Country Club, 191 Pa. Superior Ct. 207, 156 A. 2d 599 (1959), lends support to the position advocated by plaintiff. In the Zoller case, cited with approval by the Supreme Court in Salay v. Braun, supra, the lower court took the position that, under the Pennsylvania Rules of Civil Procedure, the personal injury action was commenced by the filing of the complaint, that the statute of limitations was tolled because the complaint was filed within

a two-year period from the date of the accident, and that the tolling of the statute was not affected by the fact that the original notice of suit did not reach the sheriff's office and no return was made thereon. Appellant contended to the contrary that a complaint may not be reinstated after the statute of limitations has run " 'where the Plaintiff made no attempt to have the original writ or complaint served upon the Defendant during the "life" of the original process.' " Appellant argued vigorously that, under the court's interpretation of the Pennsylvania Rules of Civil Procedure, it would be " 'possible for a Plaintiff to file an original praecipe and do nothing else except file subsequent praecipes for reissuance every two years ad infinitum, and then, whenever the plaintiff desires, have such reissued writ served by the Sheriff, be it ten, twenty or any number of years after the occurrence in which the personal injuries were sustained.' "

The Superior Court thus addressed itself to this contention:

" 'This is, we submit, an absurdity and in complete derogation of the purposes and objectives for which the Statutes of Limitations have been adopted.' While we are not without sympathy for this argument, it should be addressed to the members of the Procedural Rule Committee": 191 Pa. Superior Ct. at 211, 156 A. 2d at 601.

In Salay v. Braun, supra, defendants argued that the filing of a praecipe for summons did not toll the statute of limitations because the plaintiff was at fault, since he caused a delay beyond the original statutory period in service of the writ by filing the suit in a county without venue where there was no reasonable expectation that defendant could be served. The court rejected this contention stating: "Does this mean that if there were such a 'reasonable expectation' venue

would lie? Our rules contain no such language and no decision of this Court states such a principle. Moreover, such a principle would lead to chaos and would result in the necessity of a collateral determination of the 'reasonable expectation' issue in every action instituted outside of the cause of action or residence county. . . . The Rule in Pennsylvania has always permitted a plaintiff (even under the alias and pluries writs of the old practice) to commence an action and keep it alive until he suddenly serves the defendant. See Zoller v. Highland Country Club, 191 Pa. Superior Ct. 207, 156 A. 2d 599 (1959). But this, of course, has always been protected from abuse by the doctrine of nonpros for unreasonable delay in prosecution": 427 Pa. at 483, 235 A. 2d at 371.

When viewed in the light of the holding of Salay and the dicta in the Zoller opinion, the argument that the policy which underlies the statute of limitations demands service of process in the normal course of procedure after expiration of the statutory period is unpersuasive in the absence of a showing of resultant prejudice. Furthermore, the "fault of plaintiff" concept of the rule advocated by the instant defendants is at least as offensive as the "reasonable expectation" of service concept advocated by defendant in the Salay case. Application of the "fault of the plaintiff" principle, like the "reasonable expectation issue," would lead to chaos and would result in the necessity of a collateral determination of the "fault of the plaintiff" issue in every action where the praecipe for summons was timely filed but service was not made within the statutory period.

Moreover, under the rule stated in Salay, the instant defendants are adequately protected from the abuse of delayed service by the doctrine of nonpros for unreasonable delay in prosecutions. The proper bal-

ancing of the fault of plaintiff for the delay against the prejudice to defendants because of the delay provides an equitable and uniform method of effectuating the protection afforded by the statute of limitations. Although the instant plaintiff is obviously responsible for the lack of service of the writ in the normal course of procedure, we cannot discern any resultant prejudice to defendants who concede, as they must, that service of the summons was timely made within the two year original statutory period for the survival action and that both the survival and wrongful death actions arose from the identical transaction.

Defendants rely heavily on Peterson v. Philadelphia Suburban Transportation Co., supra, where the service of a writ of summons was held up for three and one-half years after the filing of the praecipe which commenced the action. According to the opinion of the lower court, the summons was held on order from the attorney for plaintiff. The Peterson court cited with approval Bittler v. Rocco Bono Equipment Rentals, supra, where the Mercer County Court of Common Pleas held that when plaintiff's counsel notified the prothonotary to hold the praecipe, he, in effect, nullified his action in filing the pracecipe for a writ of summons. However, the court went on to say:

"Plaintiff here could have caused the reissuance of the writ at any time until September 9, 1966, two years from the filing of the original praecipe, but chose not to do so. Having caused the original writ to be held and not served, and having failed to reissue it within the time allowed by our decisions, there was no right in the plaintiff to keep Valley on the record as a named defendant. It seems clear that the plaintiff delayed unreasonably in the prosecution of the case against Valley": 435 Pa., at 242, 255 A. 2d at 582.

The instant defendants assert that the Peterson

decision was bottomed upon two separate grounds, to wit: (1) the conclusion that the issuance of the writ of summons accompanied by a "hold order" was a complete nullity, and (2) the statute of limitations barred the action because plaintiff failed to reissue the writ at any time within two years after the filing of the original praecipe for issuance of the summons. A proper interpretation of the Peterson decision requires a consideration of the entire opinion in the light of the factual situation there being considered. In addition, the decision should be construed so as to give effect to all parts of the opinion. When interpreted by these standards the Peterson case merely holds that a writ of summons which was never served upon the defendant is a complete nullity once the time for reissuance of the writ has expired. If the court had intended to say that the "hold order" of the plaintiff, alone, made this writ of summons a complete nullity, it would not also have said: "Plaintiff here could have caused the reissuance of the writ." Nor would the court likely have taken the occasion to discuss the defendants' protection against abuse of reissuance of the summons when it stated: "In Salay v. Braun, 427 Pa. 480, 485, 235 A. 2d 368 (1967), we recognized, moreover, that the right in a plaintiff to keep an action alive until service can be made on a defendant was not absolute for any particular period of time: '[I]t has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution'": 435 Pa., at 241-2, 255 A. 2d at 582.

It is our view, in the light of the foregoing discussion and citations of authority, that the statute of limitations is tolled by the timely filing of the praecipe for a writ of summons even though it is accompanied by instructions not to issue or serve the writ. Hence, we conclude there is no merit in defendants' contention

that the wrongful death action is barred by the statute of limitations.

## ORDER OF COURT

Now, November 23, 1973, the motion for summary judgment made by defendants, Bruce-Merrilees Electric Company and Mooney Bros. Supply Company, is herewith dismissed.