## Confer v. Confer

*Henry C. Lamparski,* for plaintiff.
*Jolene M. Grubb,* for defendant.

WETTICK, *A.J.,* July 20, 1982—On April 10, 1981, plaintiff filed a six count complaint in divorce in the Common Pleas Court of Allegheny County. On May 7, 1981, defendant filed preliminary objections questioning venue on the grounds that both parties are residents of Blair County.* Because of attempts by the parties to settle the claims raised in plaintiff's divorce complaint, defendant's preliminary objections were not heard until June 15, 1982.

On the basis of the testimony presented at the hearing, this court finds that plaintiff was a resident of Blair County until she accepted employment in Allegheny County during the latter part of May, 1981. From this date until the present, she has maintained her residence in this county.

Venue is governed by Pa.R.C.P. 1920.2 which provides: "The action, except a claim for custody, may be brought only in the county in which the plaintiff or the defendant resides."

---

*In her complaint, plaintiff alleges that she was a resident of Allegheny County. Through his preliminary objections, defendant disputed this factual allegation.

The issue raised by defendant's preliminary objections is whether the venue requirements of Rule 1920.2 are met if a party resides in the county in which the action is pending at the time the preliminary objections are considered or whether Rule 1920.2 requires a party to reside in this county at the time of the commencement of the proceedings. For several reasons, we conclude that the venue requirements are met if a party resides in the county in which the action is pending at the time the preliminary objections are considered.

First, the purpose of the venue requirement is to provide a convenient forum for the parties and witnesses: Goodrich-Amram 2d §1006(d):1. This purpose is met by permitting a divorce action to be maintained in the county in which the claimant is currently residing.

Second, if this court sustained defendant's preliminary objections, plaintiff may discontinue this action and immediately file a new action that would not be subject to a successful venue challenge: Pa.R.C.P. 229. Thus, a construction of Rule 1920.2 in defendant's favor would only exalt form over substance and require an unnecessary expenditure of time and money. Such a construction would be inconsistent with Pa.R.C.P. 126 which provides that the rules shall be liberally construed to secure the just, speedy, and inexpensive determination of a proceeding and instructs courts to disregard error or defective procedure which does not affect the substantial rights of the parties.

Third, because a venue action is transitory, a reading of Pa.R.C.P. 1920.2 to require residence only at the time the preliminary objections are considered is consistent with the ruling of the Pennsylvania Supreme Court in Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967), that the venue rules for assumpsit and trespass contemplate that venue

may be laid at the date of service in a county in which there was no venue at the time the action was instituted. Rule 1920.2 does not expressly require that the action be brought in the county in which plaintiff or defendant resides at the time the action is instituted. If this were the intention of the Supreme Court, we anticipate that it would have used language similar to that contained in Rule 1915.2 which governs venue for custody and provides for an action to be brought in the home county of the child "at the time of commencement of the proceeding."

For these reasons, we overrule defendant's preliminary objections.

## ORDER

On this July 20, 1982, it is hereby ordered that defendant's preliminary objections are overruled.