**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1466
_____

KRISHNA MOTE,
                              Appellant

v.

CAPTAIN JAMES W. MURTIN; DETECTIVE JACK GILL;
TROOPER BARRY BRINSER; TROOPER PETER SALERNO;
TROOPER CRAIG RODRIGUES; TROOPER MATTHEW TREDOR;
TROOPER GREGORY DALEY; TROOPER POWELL; TROOPER YOWN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:20-cv-00092)
District Judge: Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on August 6, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: August 25, 2020)
_____

_____

OPINION*
_____

PER CURIAM

Appellant Krishna Mote, proceeding pro se and in forma pauperis, appeals from the

District Court's order dismissing his complaint. Because the appeal presents no substantial

question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R.

27.4; 3d Cir. I.O.P. 10.6.

On January 17, 2020, Mote, a Pennsylvania prisoner, filed a civil rights lawsuit claim-

ing that on January 23, 2007, the defendants used excessive force against him, leaving him

with permanent physical and mental injuries. The District Court screened the complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Approving and adopting a magistrate judge's

report and recommendation, the District Court dismissed Mote's complaint for failure to

state a claim. Mote timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review

over the District Court's dismissal of Mote's complaint. See Allah v. Seiverling, 229 F.3d

220, 223 (3d Cir. 2000). We conclude that the District Court was correct to dismiss the

complaint because Mote's claims are time barred.[1] Ordinarily, the statute of limitations is

an affirmative defense that must be pleaded and is subject to waiver, see Chainey v. Street,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] We therefore do not need to reach the District Court's alternative rationale, based on
issue preclusion, for dismissing Mote's complaint.

2

523 F.3d 200, 209 (3d Cir. 2008), but untimeliness may justify sua sponte dismissal where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009) (citing Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)); see also Jones v. Bock, 549 U.S. 199, 214–15 (2007) (explaining that a district court may sua sponte dismiss a prisoner complaint that is time barred).

Upon review of Mote's complaint, we are satisfied that it presents no meritorious tolling issues. The statute of limitations for a 42 U.S.C. § 1983 claim arising in Pennsylvania is two years. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). The limitations period begins to run "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Mote does not disagree that the limitations period began on January 23, 2007, which is the date of the underlying incident. Rather, he argues that the limitations period was somehow tolled when his previous lawsuit, which raised the same claims, was dismissed. But such an event is not a basis for tolling the limitations period. While under Pennsylvania law, filing a complaint tolls the statute of limitations, see Kach, 589 F.3d at 639 (explaining that where it would not frustrate the federal interest underpinning § 1983, we borrow the forum state's tolling principles); Zoller v. Highland Country Club, 156 A.2d 599, 600–01 (Pa. Super. Ct. 1959), it does not extend the limitations period past the entry of a valid order or judgment, see Rufo v. Bastian-Blessing Co., 218 A.2d 333, 335 (Pa. 1966).

To the extent Mote argues that his mental illness is a basis for equitable tolling, that argument is unavailing. See Seto v. Willits, 638 A.2d 258, 262 (Pa. Super. Ct. 1994)

3

(noting that Pennsylvania law does not allow for the tolling of a statute of limitations due to mental incapacity); see also Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000) (explaining that we have permitted federal equitable tolling for mental disability only where "the plaintiff's mental incompetence motivated, to some degree, the injury that he sought to remedy"). As is clear from the face of Mote's complaint, there are no other discernible grounds for excusing his untimeliness. See Vasquez Arroyo, 589 F.3d at 1097.[2]

Finally, the District Court did not err when it declined to grant Mote leave to amend his complaint. Because Mote cannot change the fact that his claims are time barred, any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the above reasons, will affirm the judgment of the District Court.

---

[2] Additionally, Mote was provided with notice and an opportunity to respond by way of the Magistrate Judge's report and recommendation, which raised the statute of limitations issue, and to which Mote filed objections. See Report & Recommendation 10–13, D.C. Dkt. No. 8; Brunig v. Clark, 560 F.3d 292, 298 (5th Cir. 2009) (concluding that a magistrate judge's report and recommendation satisfied a district court's obligation to provide notice prior to the sua sponte imposition of sanctions); United States v. Bendolph, 409 F.3d 155, 168 (3d Cir. 2005) (en banc) (determining that a district court gave adequate notice prior to sua sponte dismissal when it entered an order that allowed both parties several weeks to brief the issue of untimeliness).